397 A.2d 13

**Cindy M. RUMMEL, Appellant,**

**v.**

**Logan RUMMEL.**

Superior Court of Pennsylvania.

Submitted Oct. 26, 1978.

Decided Jan. 24, 1979.

John D. Gibson, Johnstown, for appellant.

James Francis O'Malley, Johnstown, for appellee.

Before VAN der VOORT, SPAETH and MONTGOMERY, JJ.

PER CURIAM:

In this custody case brought by the natural mother of Jennifer Rummel, age 2, the lower court awarded permanent custody to her natural father, the appellee. The mother appealed and seeks a rehearing.

Appellant relies on two arguments. First, she complains that she was not afforded the opportunity to examine a report made by the Cambria County Children Services which had been prepared at the direction of the court, and which was relied on by the court in making this decision. In connection with this complaint, appellant argues further that she was unlawfully deprived of the right to cross examine the persons interviewed whose testimony formed the basis for the report. That the court relied on this report

is born out by the record. Such being the case, appellant's argument has merit under this court's decision in *Wood v. Tucker,* 231 Pa.Super. 461, 332 A.2d 191 (1974).

Appellant's second argument relates to the standard the lower court applied in evaluating the evidence. It is argued that since this is a dispute between natural parents, it was error to place on the mother the burden of establishing "compelling reasons" why she should have custody rather than the father.

Judge Creany found that the appellant has available a suitable residence and exhibits sincere love and affection and desire for furthering the interests of Jennifer, "That both parents are proper parties to seek custody of the child, Jennifer", *but* "that the home evaluation conducted by the Cambria County Children's Services evidenced a more settled and complete family unit[1] would be maintained at the father's home." He then concluded "that the child, Jennifer, being of tender years, and no compelling reasons being shown to the contrary; the said child's welfare would be better served and more complete development served by granting custody of the father, Logan Rummel, Jr., respondent."

The principles of law governing the disposition of custody cases was recently discussed by this court in an opinion written by Judge Spaeth: I. e. *In re Custody of Hernandez,* 249 Pa.Super. 274, 376 A.2d 648 (1977). Therein it is pointed out that when the dispute is between the parents of the child, the following test is to be applied:

The concern in such cases is entirely with the child's physical, intellectual, moral and spiritual well-being [Citation omitted.] The burden of proof is shared equally by the contesting parents; thus, the hearing judge awards custody according to what the preponderance of the evidence shows. [Footnote omitted.]

249 Pa.Super. at 280, 376 A.2d at 651.

1. The family unit consisted of the father and his mother (grandmother of Jennifer).

In the omitted footnote, there was reference to the "tender years presumption". This presumption, however, has now been abolished. *McGowan v. McGowan,* 248 Pa.Super. 41, 374 A.2d 1306 (1977); *Commonwealth ex rel. Lee v. Lee,* 248 Pa.Super. 155, 374 A.2d 1365 (1977).

Accordingly, there remains no qualification to the rule that the burden of proof is shared equally by the contesting parents.

We recognize appellant's argument—that by using the phrase "no compelling reasons being shown to the contrary" the hearing judge misinterpreted *Hernandez* and imposed an undue burden on her. However this may be, a proper disposition does not depend on this issue, for since there was a violation of appellant's rights when the lower court relied on the aforesaid report without first submitting it to appellant so that she might call witnesses for the purpose of contradicting or explaining it, we are compelled to vacate the order awarding custody to the father and to remand the case to the lower court for compliance with this opinion and further hearing. *Valentino v. Valentino,* 259 Pa.Super. 395, 393 A.2d 885 (1978).

Order vacated and case remanded for further hearing and consideration.