491 A.2d 258

**COMMONWEALTH of Pennsylvania**

v.

**William C. MUELLER, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 30, 1984.

Filed April 4, 1985.

Joseph S. Sabadish, Assistant Public Defender, Pittsburgh, for appellant.

Kemal A. Mericli, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before JOHNSON, CERCONE and HESTER, JJ.

CERCONE, Judge:

Appellant, William C. Mueller, was found guilty in a jury trial on March 2, 1982 of third degree murder and violation of the Uniform Firearms Act. On December 14, 1982, he was sentenced to a term of ten to twenty years imprisonment and a consecutive term of imprisonment of two and one-half to five years.

On March 12, 1982, counsel for appellant filed a Motion for New Trial/Arrest of Judgment. A brief in support of said Motion was filed on July 15, 1982 in which appellant requested leave to assert such additional reasons in support of the motion as might be revealed from a review of the trial transcript. The Commonwealth's Brief in Opposition to defendant's Motion was filed on November 19, 1982 and the Motion was denied by Order on that same date.

Following the judgment of sentence, the lower court entered an order granting appellant's trial counsel leave of court to withdraw his appearance and appointing the Office of the Public Defender to represent defendant on appeal. Nonetheless, on January 3, 1983, appellant filed a *pro se* Notice of Appeal and a Motion to Proceed in Forma Pauper-

is in which he requested court appointed counsel.[1] On January 12, 1983, the Office of the Public Defender filed a Notice of Appeal. On January 5, 1983, the trial judge ordered appellant to file a brief and concise statement of matters to be complained of on appeal, pursuant to Rule 1925(b),[2] Pennsylvania Rules of Appellate Procedure. On January 26, 1983, the Public Defender's Office filed a Petition for Extension of Time for filing aforesaid brief averring that the trial transcripts had not yet been transcribed and filed by the court reporters.[3] The lower court granted that request, ordering an extension until ten days after the transcripts were filed.

On March 14, 1983, the trial judge filed a one page Opinion noting appellant's failure to comply with his earlier order. He further noted that he had made an independent examination of the record, but was unable to determine the exact nature of appellant's claims on appeal and that, therefore, he was unable to discuss them.

Thereafter, pursuant to appellant's request, the Public Defender petitioned this court to withdraw as counsel on April 22, 1983. That petition was denied.

1. Appellant's petition to proceed in forma pauperis was granted by Order of this court on January 23, 1983.

2. Rule 1925. Opinion in Support of Order.
 (a) **General rule.** Upon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order, or for the rulings or other matters complained of, or shall specify in writing the place in the record where such reasons may be found.
 (b) **Direction to file statement of matters complained of.** If the lower court is uncertain as to the basis for the appeal, the lower court may by order direct the appellant forthwith to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

3. Upon review of the record, we note that the trial transcripts had been filed with the Clerk of Courts prior to January 24, 1983 but that the transcript of the Sentencing hearing was not filed until February 23, 1983.

On August 4, 1983, the Office of the Public Defender filed a Concise Statement of Matters Complained of Upon Appeal and on November 7, 1983 filed a brief to this court on behalf of the appellant.

On November 9, 1983, the Public Defender's Office filed a second petition to withdraw. It was granted on January 12, 1984. The matter was remanded to the Court of Common Pleas of Allegheny County where present counsel was appointed, entered his appearance, and filed a brief on behalf of appellant.

Appellant raises ten issues on appeal. However, as we are remanding this case to the trial court for further disposition consistent with this opinion, we need not decide all of the issues raised at this time. Appellant's tenth issue on appeal is whether "[t]he trial court erred in filing a boiler plate, one page, form opinion, which failed to address itself to the issues raised in post-trial motions by privately retained counsel and which incorrectly cited the alleged failure of the Public Defender's Office to comply with Pa.R.A.P. 1925(b) as authority for its action?" Brief for appellant at 46.

■ The procedural issue we must decide is whether we should exercise the discretion given us by Rule 1925(b) to hold that by his failure to file a statement of matters complained of by the date set by the lower court, appellant has waived the arguments he now makes to us. *See Commonwealth v. Silver*, 499 Pa. 228, 238, 452 A.2d 1328, 1333 (1982) ("waiver provision of Rule 1925(b) is clearly discretionary" and "is properly invoked only where failure to file a statement or omission from a statement of issues raised on appeal defeats effective appellate review"). The discretion given by this rule is equitable in nature and must be exercised with great care.

■ In deciding whether to hold an objection waived, we must examine the failure to comply with Rule 1925 in the context of the entire case. *Commonwealth v. Johnson*, 309 Pa.Super.Ct. 367, 371, 455 A.2d 654, 656 (1982). We

must always ask how serious was the failure. We must balance the failure to comply against the purpose served by the rule. *Id.* The purpose of the rule is to provide the appellate court with the lower court's reasoning in support of the order on appeal. To further that purpose, subsection (b) allows the lower court to request further delineation or explanation of issues raised by the appellant to enable it to respond to those issues.

 All of the issues raised in the appeal *sub judice* had been previously raised by the appellant in his Motion for a New Trial/Arrest of Judgment with the exception of those alleging ineffective assistance of counsel and prosecutorial misconduct. We find that appellant's claim of prosecutorial misconduct is waived as it was not preserved by a timely post-trial motion. Appellant's claims of ineffective assistance of counsel are not waived as we do not expect trial counsel to raise his own ineffectiveness in post-trial motions.

 Based on all the facts and circumstances in this case, it would be inequitable for us to find that appellant had waived the remaining issues before us. The case here is very serious. A sentence of ten to twenty years has been imposed. A denial of appellant's claims under these circumstances would be unconscionable. Furthermore, it appears that appellate counsel's failure to strictly comply with the lower court's order was influenced by a variety of other factors involved. As previously mentioned, most of the issues currently on appeal had been previously raised and briefed before the trial court in a motion for new trial. While it is perfectly proper for that court to grant or deny such motion by way of order, an opinion in support of that order is required when the lower court receives a notice of appeal. *Commonwealth v. Koch,* 288 Pa.Super.Ct. 290, 296, 431 A.2d 1052 (1981). We recognize the fact that appellant's Notice of Appeal did not specifically state that the same issues previously raised were on appeal and we do not condone the Public Defender's failure to strictly comply

with the lower court's order. On the other hand, these facts undermine the lower court's refusal to prepare an opinion explaining its reasoning for such order stating, "[we] are uncertain as to the basis of the appeal. We have made an independent examination of the record but are unable to assume or presume the nature of appellant's objections and are, therefore, unable to discuss them." Slip op. at 1.

The record discloses other facts which bear upon the extent of the appellant's failure to comply with Rule 1925(b). The appellant's trial counsel was granted leave to withdraw as counsel after post-trial motions were disposed of and the public defender's office was appointed to represent appellant on appeal. It became apparent almost immediately that appellant was not satisfied with the public defender's professional services when he filed a *pro se* Notice of Appeal. Finally, we note that there were only twelve working days between the day all transcripts were filed and the day the lower court filed its one page opinion noting appellant's failure to comply with his Rule 1925 order. Based on the very serious nature of the verdict and sentence, that is hardly sufficient time for the public defender to sift through the hundreds of pages of transcript and prepare a statement of issues on appeal.

Based on all of these circumstances, we think that the appellant has the right to a full discussion of the issues on appeal. However, the case is not ripe for appellate review. This case has been submitted to us for decision. We have neither the benefit of oral argument at trial nor any opinion from the trial court discussing the issues presented. Many issues on appeal require either a finding of fact or challenge the discretion of the trial court. Without that court's discussion we would be forced to exceed our scope of review in order to dispose of these issues.

Accordingly, we hereby remand this case to the trial court with directions that an opinion be promptly prepared

280

and returned to us pursuant to Pa.R.A.P. 1925.[4] Jurisdiction is not relinquished.

4. Note *Commonwealth v. Hicks*, 328 Pa.Super.Ct. 233, 476 A.2d 978 (1984), in which this court followed the same procedure due to the complicated and discretionary nature of the numerous issues on appeal.