492 A.2d 59

**Brian M. PILON**

v.

**Medine PILON, Appellant.**

Superior Court of Pennsylvania.

Argued March 25, 1985.

Filed April 26, 1985.

Bernard T. McArdle, Greensburg, for appellant.

Joseph B. Govi, Greensburg, for appellee.

Before McEWEN, CERCONE and HANDLER *, JJ.

* Judge Earl R. Handler of the Court of Common Pleas of Indiana County, Pennsylvania, is sitting by designation.

54

CERCONE, Judge:

This is an appeal from a child custody order entered on January 30, 1984, in the Court of Common Pleas of Westmoreland County by the Honorable Donetta W. Ambrose, J. Appellant is Medine Pilon, the mother, and appellee is Brian M. Pilon, the father.

The parties were divorced by Decree on January 29, 1982, and by a consent order signed by the Honorable Charles E. Marker, J., custody of the four children was vested in the mother with visitation privileges in the father every weekend an as the parties should agree. The children born of the marriage of the parties include: Adam Pilon, born November 16, 1972; Heather Pilon, born January 8, 1977; and Shane Pilon, born July 31, 1978. A fourth child, the oldest, Leyla Pilon, born August 15, 1969, was adopted by the parties during their marriage.

On May 26, 1983, the father filed a claim seeking a modification of the Consent Order to obtain custody of the four children. After hearing all of the evidence, Judge Ambrose issued Findings of Fact, Conclusions of Law and an Order of Court, which directed 1.) that the two older children, Leyla, then age 14, and Adam, then age 11, were to remain in the custody of their mother, and 2.) that the two younger children, Heather, then age 7, and Shane, then age 5, were to be in the custody of their father. It is this order from which the mother appeals.

The sole issue raised on appeal is that the court below abused its discretion in dividing the children between the mother and the father in the absence of compelling reasons to do so. Our scope of review in custody cases is clear.

> [It] is of the broadest type ... Thus, an appellate court is not bound by deductions or inferences made by a trial court from the facts found; ... nor must a reviewing court accept a finding which has no competent evidence to support it ... [However], this [broad]

power of review was never intended to mean that an appellate court is free to nullify the fact finding function of the hearing judge ...

*Commonwealth ex rel. Robinson v. Robinson,* 505 Pa. 226, 236, 478 A.2d 800, 804 (1984), citing *Commonwealth ex rel. Spriggs v. Carson,* 470 Pa. 290, 368 A.2d 635 (1977).

It is with this backdrop that we review the instant matter. At the outset, we must emphasize that the cardinal concern in all custody matters is the best interest and permanent welfare of the child, in this case, children. It has always been a strong policy in our law that in the absence of compelling reasons to the contrary, siblings should be raised together whenever possible. *In re Davis,* 502 Pa. 110, 465 A.2d 614 (1983); *Witmayer v. Witmayer,* 320 Pa.Super.Ct. 372, 467 A.2d 371 (1983); *Hall v. Mason,* 316 Pa.Superior Ct. 160, 462 A.2d 843 (1983); *Albright v. Commonwealth ex rel. Fetters,* 491 Pa. 320, 421 A.2d 157 (1980). The phrase "compelling reasons" has, however, never been defined in this context. Yet, President Judge Spaeth, when outlining the burden of proof that a third party bears in a custody case, had occasion to examine the phrase "compelling reasons" in *In re Custody of Hernandez,* 249 Pa.Superior Ct. 274, 376 A.2d 648 (1977).[1] Therein, he wrote, "The ... requirement of a showing of 'compelling reasons' ... might appear synonymous with the 'clear necessity' requirement of the Juvenile Act ... If one is 'compelled' to do something, it might be said that is is 'necessary' to do it." *Id.,* 249 Pa.Superior Ct. at 283–4, 376 A.2d at 653–4. Moreover, the term "compelling" is defined as "tending to con-

1. In discussing the confusion which existed concerning third party burdens in custody cases, President Judge Spaeth pointed out that three different standards were applied, one of which was that absent "compelling reasons" to the contrary, it will be presumed that the child's best interest will be served by being raised by its parents. In *Hernandez* he rejected this standard, in favor of a standard which recognized the parents *prima facie* right to custody which may be forfeited only if "convincing reasons" appear that the best interests of the child would be served by awarding custody to someone else.

vince or convert by or as if by forcefulness of evidence." Websters 3rd New International Dictionary, unabridged ed. 1981. The question, then, is did the evidence indicate that it was "necessary" to separate the children, was the evidence "forceful" in this regard, or was it, in other words, "compelling." Rather than view the evidence in this view, the lower court judge expressed the standard in terms of good reason; that is, in the lower court opinion the following appeared:

It is true that there is a strong policy in our law to avoid separating siblings ... However, this policy does not apply where there is a good reason for separation ... An examination of the reasons for separating these children demonstrates that good reasons were present.

Although we do not want to engage in a game of semantics, we believe that good reasons are not necessarily the compelling reasons required for disrupting the integrity of the family unit. And, absent these compelling reasons, the children should be raised together in one household, for this permits the continuity and stability necessary for a young child's development. *Witmayer v. Witmayer, supra.*

■ To offer a bit more concrete direction, we suggest that the lower court, based upon the facts elicited, carefully outline the detriments or benefits that would result if the minors were or were not raised in the same house, keeping in mind that the detriments or benefits must be "compelling" to permit division of the children between the parents. Herein, the court drew its inferences and deductions and decided that "good reasons" existed to allow such a separation. As explained previously, "good reasons" are not necessarily the requisite "compelling reasons." Accordingly, we vacate the order of the lower court and remand the case to that court in order for the court to reassess the fact for a determination of whether "compelling reasons" exist, allowing the children to be separated between the parents.

Order of lower court is vacated and case is remanded. Jurisdiction is relinquished.