514 A.2d 596

**In re Private Criminal Complaints Filed by Donald CLEGG.**

Superior Court of Pennsylvania.

Submitted May 12, 1986.

Filed Aug. 28, 1986.

Donald L. Clegg, in propria persona.

Before BECK, CERCONE and ROBERTS, JJ.

CERCONE, Judge:

Appellant, Donald Clegg, appeals from the trial court's order sustaining the disapproval by the district attorney of his private criminal complaints.

Appellant filed private criminal complaints against two district justices, two state troopers and the prosecuting witness for their alleged dereliction of duty pertaining to appellant's arraignment on an assault charge and his detainer by the State Board of Probation and Parole.[1] Appellant, a parolee, was arrested and incarcerated on an assault charge on January 15, 1985 but his preliminary hearing in the matter was not held until May 22, 1985. Prior to the hearing, on May 7, 1985, appellant filed a *pro se* Writ of Habeas Corpus challenging the legality of his confinement. At the preliminary hearing appellant argued that holding the hearing was violative of 42 Pa.C.S.A. § 6505[2] and the hearing should be postponed until disposition of his Writ of

1. The facts of this case are adopted from appellant's brief and the record as the Commonwealth failed to timely file a brief, a practice we do not condone.

2. § 6505. Interference with writ prohibited

   Any person who shall fail or refuse to respond to a writ or to an order issued under this chapter, or who shall change the place of detention of an person for the purpose of defeating the writ, or shall, without express authorization from a judge of a court of record, recommit on substantially the same facts and circumstances any person set at large upon a habeas corpus, or shall do any act for the purpose of defeating the writ or the order, commits a misdemeanor of the second degree.

Habeas Corpus. Appellant's argument was overruled. Subsequently, when, by court order dated May 24, 1985, appellant's Writ of Habeas Corpus was denied, appellant filed private criminal complaints against the troopers who filed the assault charge, the district justices involved in the proceedings and the prosecuting witness, alleging that the parties made a concerted effort to render his Writ of Habeas Corpus moot. The district attorney of Perry County returned appellant's complaint as "lacking prosecutorial merit." Appellant took an appeal to the Court of Common Pleas of Perry County which was denied for "no abuse of discretion on the part of the district attorney." This appeal followed.

The sole issue on appeal is whether the court below properly exercised its discretion when it decided that the prosecutor had not acted improperly in disapproving appellant's private criminal complaint.

We are presented with a case that has been submitted to the Superior Court for decision without the benefit of oral argument, nor an appellee brief or an opinion from the court below that addresses the merits of appellant's claim. Appellant's case arose before this court's decision in *Commonwealth v. Muroski*, 352 Pa.Superior Ct. 15, 506 A.2d 1312 (1986) (*en banc*) wherein the rule established in *In re: Wood*, 333 Pa.Superior Ct. 597, 482 A.2d 1033 (1984) that a private person who commences a matter by filing a private criminal complaint pursuant to Pa.R.Crim.P. 133 has a right of appeal from the order of a trial judge disapproving his complaint was repronounced by the court. In its opinion the court below stated the law of this Commonwealth prior to *Muroski*, that "the Commonwealth is clearly the party plaintiff in a criminal prosecution and the victim acts only as a prosecuting witness." Thus, the court concluded that appellant had no standing.

We think that the appellant has a right to a full discussion of the issue on appeal. This can only be accomplished with the benefit of the thorough analysis of the court below. Accordingly, we remand this case to the trial court

for findings of fact as to whether the district attorney acted properly in disapproving appellant's private criminal complaint. *See Commonwealth v. Mueller*, 341 Pa.Superior Ct. 273, 491 A.2d 258 (1985); *Pilon v. Pilon*, 342 Pa.Superior Ct. 52, 492 A.2d 59 (1985); *Commonwealth v. Hicks*, 328 Pa.Superior Ct. 233, 476 A.2d 978 (1984).

Order of the lower court is vacated and case is remanded. Jurisdiction is relinquished.

BECK, J., files a dissenting opinion.

BECK, Judge, dissenting:

I respectfully dissent from the majority's conclusion that the lower court's opinion is inadequate and that the case must be remanded for findings of fact.

The majority correctly states that the only issue before us is "whether the court below properly exercised its discretion when it decided that the prosecutor had not acted improperly in disapproving appellant's private criminal complaint." The majority declines to decide this issue. I would decide the issue and affirm.

Appellant's argument on appeal is vacuous, barely coherent, and utterly frivolous. His pro se brief purports to raise four issues, which collectively amount to two contentions. First, appellant Clegg alleges that the district justice violated 42 Pa.C.S.A. § 6505, Interference with Writ Prohibited, by holding a preliminary hearing in Clegg's assault case before the court of common pleas held a hearing on Clegg's application for a writ of habeas corpus. This claim is frivolous. Section 5605 concerns interference with a writ *that has been issued.* Since, at the time of the preliminary hearing, Clegg's application for a writ had not been acted on (and was ultimately denied), no writ had been issued and no violation of Section 6505 could have occurred.[1]

---

1. In the midst of Clegg's quixotic and chaotic brief, he also loosely bandies about such phrases as "equal protection," "selective prosecution," "obstruction of justice," and "conflict of interests." Brief of Appellant at 11–17. Appellant's arguments are nonsensical, and seem to be based on the absurd notion that because *he* was arrested for a

Second, appellant alleges that someone changed his address on his assault arrest summons from his new address to his old address in order to make it appear that Clegg violated his parole by failing to notify his parole agent of his change of address. This claim, too, is vacuous. Although the Board of Probation and Parole did recommit Clegg to prison as "not amenable to parole supervision" on August 6, 1985, according to a document attached to Brief of Appellant as Exhibit 10, that document makes no reference to change of address. Instead, the document indicates that the recommitment is based on violations of parole conditions relating to the consumption of intoxicating beverages and aggressive behavior.

The common pleas court filed a 2–page Memorandum Opinion dated August 2, 1985, that noted that the court had received appellant's statements of the basis for his appeal; reviewed the procedure for prosecution of a private complaint; discussed the district attorney's discretion to disapprove such complaints; and concluded: "In the instant case ... prosecution is at the District Attorney's discretion. There has been no abuse of discretion in this matter and this Court upholds the District Attorney's decision to disapprove this complaint."

In light of this Memorandum by the lower court, I am unable to agree with the majority's statement that "[w]e are presented with a case that has been submitted to the Superior Court for decision without the benefit of ... an opinion from the court below that addresses the merits of appellant's claim." Although perhaps a fuller discussion of the merits of Clegg's private complaints would have been desirable, I do not agree that such discussion is necessary for this court to resolve the instant appeal. Appellant has made his argument in his briefs. The argument is frivolous on its face, as the district attorney and the court below no doubt concluded. I would find that, in such a clear case, a

crime, he has a right to have someone else arrested for any crime he alleges.

statement by the lower court that it has reviewed the complainant's arguments and found no abuse of discretion by the district attorney is an adequate resolution of the merits.[2]

I also disagree with the majority's conclusion that the lower court resolved the case on a finding that appellant lacked standing. The majority focuses on the fact that the lower court stated that the Commonwealth is the party plaintiff in a criminal prosecution and the victim acts only as a prosecuting witness. The majority implies that the lower court must have concluded that Clegg lacked standing since his case arose prior to this court's decision in *Commonwealth v. Muroski*, 352 Pa.Super. 15, 506 A.2d 1312 (1986) (en banc), which "repronounced" the rule that a private person who filed a private criminal complaint has a right of appeal from a court order disapproving the complaint. *Id.*, 352 Pa.Superior Ct. at 19, 506 A.2d at 1314. I find this conclusion puzzling. First, the lower court made its statement (regarding a victim's nonparty status) in the context of discussing the prosecutor's discretion to disapprove the complaint. Second, the trial court did not cite *Muroski*. Third, it is of no moment that Clegg's case arose before the *Muroski* decision since, as the majority itself points out, *Muroski* only repronounced a rule that was already in effect, having been established in *In re Wood*, 333 Pa.Super. 597, 482 A.2d 1033 (1984), well before Clegg's

---

**2.** The three cases cited by the majority as authority for a remand can all be distinguished. Not one remanded because the lower court issued an opinion that addressed the merits but did not discuss the merits fully. *Pilon v. Pilon,* 342 Pa.Super. 52, 492 A.2d 59 (1985), was not a criminal case, and remanded because the trial court opinion used an improper standard of proof. In *Commonwealth v. Mueller,* 341 Pa.Super. 273, 491 A.2d 258 (1985), the trial court had not received a statement of matters complained of on appeal and therefore filed a one-page opinion stating that it was unable to discuss appellant's claims. Likewise, in *Commonwealth v. Hicks,* 328 Pa.Super. 233, 476 A.2d 978 (1984), the trial court received no timely filed statement of matters complained of and therefore issued no opinion at all.

case arose. Fourth, the lower court made no reference to standing at all.[3]

I would conclude that the lower court decided the case on its merits and that its opinion adequately addresses those merits and properly finds no abuse of discretion by the district attorney in disapproving appellant's private criminal complaint. Accordingly, I would affirm.

3. It is true that the dictum that a victim-complainant is not a party to a criminal prosecution was once cited to support a denial of an appeal to a victim whose private criminal complaint was dismissed for lack of a prima facie case. *See Commonwealth v. Malloy,* 304 Pa.Super. 297, 306, 450 A.2d 689, 693–94 (1982). Although *Malloy* was distinguished and a rule was established in *In re Wood* allowing appeal by a victim whose private criminal complaint is disapproved, it is still true that the Commonwealth is the party plaintiff and the victim acts as a prosecuting witness. That the lower court cited, in passing, the latter proposition does not mean that it must have been citing that proposition to support a finding of no standing.