538 A.2d 1343

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Donald BRISTOW, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 21, 1987.

Filed March 15, 1988.

50

Mitchell S. Strutin, Philadelphia, for appellant.

Donna G. Zucker, Assistant District Attorney, Philadelphia, for Com.

Before McEWEN, OLSZEWSKI and CERCONE, JJ.

OLSZEWSKI, Judge:

This is an appeal from the judgment of sentence entered after a jury found appellant guilty of rape, involuntary deviate sexual intercourse, statutory rape, corruption of a minor, incest, indecent assault, indecent exposure, and simple assault. Appellant argues that his trial counsel rendered ineffective assistance of counsel by: (1) failing to seek recusal of the trial judge since the trial judge had presided over appellant's preliminary hearing in this matter; (2) failing to properly preserve for appellate review the issue of the sufficiency of the evidence to sustain appellant's convictions; (3) failing to properly preserve for appellate review the issue of the competency of the victim in this matter; and (4) failing to file a motion to modify sentence challenging the trial court's sentencing of appellant. We find appellant's contentions to be meritless; accordingly, the judgment of sentence is affirmed.

██ During the summer of 1982 or 1983, appellant raped and sodomized his four-year-old daughter. The victim's

brother witnessed the rape when he peeked into appellant's bedroom to see why his sister was screaming. Both children reported the incident to an aunt after they moved out of appellant's house. Following a bench trial, appellant was convicted of rape, involuntary deviate sexual intercourse, statutory rape, corruption of a minor, incest, indecent assault, indecent exposure, and simple assault. Post-verdict motions were filed and denied. On April 23, 1987, appellant was sentenced to forty-two to eighty-four months in prison. Trial counsel was then permitted to withdraw and new counsel was appointed. This timely appeal followed.[1]

■ When confronted with a claim of ineffectiveness of counsel, this Court must determine whether the issue underlying the charge of ineffectiveness is of arguable merit. *See Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). If the issue is found to be of arguable merit, our inquiry shifts to a determination of whether the course chosen by counsel had some reasonable basis in promoting the client's interests. *Id.* In addition, appellant must establish that the ineffectiveness so prejudiced his case that he did not receive a fair trial. *See Commonwealth v. Verdekal,* 351 Pa.Super. 412, 506 A.2d 415 (1986). Counsel is presumed to be effective and the burden of proving to the contrary rests on the party alleging counsel's ineffectiveness. *See Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987).

■ Appellant's first contention is that trial counsel rendered ineffective assistance when he failed to seek recusal of the trial judge since the trial judge had presided over

1. In its opinion, the trial court stated that appellant's ineffectiveness claims were not properly before the trial court since trial counsel failed to raise these claims before, during, or after trial. We disagree. This Court has repeatedly stated that trial counsel is not expected to raise his own ineffectiveness. *See Commonwealth v. Mueller,* 341 Pa.Super. 273, 491 A.2d 258 (1985). Appellant's ineffectiveness claims, consequently, were properly raised by appellant's new counsel and, hence, should have been addressed by the trial court. Nonetheless, on appeal, we are obligated to examine appellant's ineffectiveness contentions.

appellant's preliminary hearing in this matter. We disagree.

The determination of whether a trial judge should recuse himself depends upon the following:

> ... "the type of evidence that the judge hears; if the evidence is inadmissible and is of a highly prejudicial nature, the judge should recuse himself or declare a mistrial if it is too late for recusal." The judge should also recuse himself whenever there is substantial doubt as to his ability to preside impartially. The burden to show prejudice, however, is on the party seeking recusal. "If the evidence is admissible, or not of a highly prejudicial nature, recusal is not required," and while it may be the better practice to have a different judge preside over trial than preside over pre-trial proceedings, such a practice is not constitutionally required and has not been made the basis for setting aside a verdict reached in an otherwise proper trial. This principle appears to be based on "the prevailing view that judicial fact-finders are capable of disregarding prejudicial evidence."

*Commonwealth v. Lewis,* 314 Pa.Super. 298, 303–04, 460 A.2d 1149, 1151–1152 (1983) (citations omitted).

In the instant case, appellant fails to identify any instances where inadmissible and prejudicial evidence was presented to the trial judge. In fact, appellant asserts in his brief that "[a] showing of prejudice is unnecessary." Brief for appellant at 15. The mere participation by the trial judge in an earlier stage of the proceedings does not *per se* provide a basis for requiring recusal of the trial judge. *See Commonwealth v. Boyle,* 498 Pa. 486, 447 A.2d 250 (1982). We, consequently, find that appellant has failed to meet his burden of showing that he was prejudiced by having the trial judge preside at both his preliminary hearing and his trial. Accordingly, appellant's trial counsel did not have sufficient grounds to seek recusal of the trial judge and, hence, counsel cannot be deemed ineffective for not advancing a meritless claim.

■ Appellant's next contention is that trial counsel rendered ineffective assistance by failing to properly preserve for appellate review the issue of the sufficiency of the evidence to sustain appellant's convictions. In support of this contention, appellant maintains that inconsistencies in the Commonwealth witnesses' testimony rendered that testimony incapable of belief. Appellant stated in his brief that "where evidence offered to support a verdict of guilty is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, a jury may not be permitted to return such a finding." Brief for appellant at 19. Appellant, however, has muddled the distinction between evidentiary weight and sufficiency of the evidence. *See Commonwealth v. Whiteman,* 336 Pa.Super. 120, 485 A.2d 459 (1984). It is well established that in reviewing a challenge to the sufficiency of the evidence:

[W]e view the evidence in the light most favorable to the Commonwealth, as verdict winner, and accept as true all evidence upon which the jury could properly have based its verdict. We then determine whether that evidence, together with all reasonable inferences to be drawn therefrom, was sufficient to enable the jury to find each and every element of the crime beyond a reasonable doubt. *See: Commonwealth v. Jackson,* 506 Pa. 469, 472–473, 485 A.2d 1102, 1103 (1984); *Commonwealth v. Tribble,* 502 Pa. 619, 621, 467 A.2d 1130, 1131 (1983); *Commonwealth v. Brown,* 336 Pa.Super. 628, 634, 486 A.2d 441, 444 (1984). In making this determination, we consider all the evidence received, whether the trial court's evidentiary rulings were correct or incorrect. *See: Commonwealth v. Waldman,* 484 Pa. 217, 222–223, 398 A.2d 1022, 1025 (1979); *Commonwealth v. Boyd,* 463 Pa. 343, 347, 344 A.2d 864, 866 (1975); *Commonwealth v. Deemer,* 316 Pa.Super. 28, 31, 462 A.2d 776, 777 (1983); *Commonwealth v. Minnis,* 312 Pa.Super. 53, 55, 458 A.2d 231, 232 (1983).

*Commonwealth v. Anneski,* 362 Pa.Super. 580, 582–83, 525 A.2d 373, 374 (1987), *appeal denied,* 516 Pa. 621, 532 A.2d

19 (1987). Accordingly, appellant's contention that the testimony was not reliable, is irrelevant.[2]

Nonetheless, even if appellant's trial counsel had preserved a challenge to the sufficiency of the evidence, such a challenge would have been unsuccessful. After thoroughly examining the evidence presented, and taking from it all reasonable inferences favorable to the Commonwealth and resolving all conflicting evidence in favor of the Commonwealth, we find that a challenge to the sufficiency of the evidence would fail since the Commonwealth's evidence proved beyond a reasonable doubt that appellant committed the crimes for which he was charged. *See Commonwealth v. Chimenti,* 362 Pa.Super. 350, 524 A.2d 913 (1987), *appeal denied,* 516 Pa. 639, 533 A.2d 711 (1987). *See generally* (N.T. November 20, 1986). Accordingly, trial counsel cannot be considered ineffective for failing to assert a meritless claim.

■ Appellant's third challenge to the effectiveness of his trial counsel is that trial counsel failed to properly preserve for appellate review the issue of the competency of the victim. Specifically, appellant maintains that the victim, who was seven years of age at the time of trial, failed to understand the duty to speak the truth and instead, "merely mouthed the answers to questions in which the prosecutor had previously coached her, including both the questions and the answers thereto." Brief for appellant at 30–31. We find appellant's contention to be meritless.

In *Commonwealth v. Mangello,* 250 Pa.Super. 202, 378 A.2d 897 (1977), this Court explained:

> In general, the competency of a witness to testify is presumed and the burden falls on the party objecting to demonstrate the witness' incompetence. *Rosche v. McCoy,* 397 Pa. 615, 156 A.2d 307 (1959). However, when a child under the age of fourteen is called to testify, the presumption does not operate, and the competency of the infant-witness must be independently established. *Id.*

---

**2.** Appellant's challenge to the weight of the evidence was preserved and addressed by the trial court. *See* Trial court opinion at 2–4.

*See also* II Wigmore on Evidence § 508 (3rd ed. 1940). In establishing competency the court should inquire into three areas of testimonial capacity:

. . . . .

> There must be (1) such capacity to communicate, including as it does both an ability to understand questions and to frame and express intelligent answers, (2) mental capacity to observe the occurrence itself and the capacity of remembering what it is that she is called to testify about and (3) a consciousness of the duty to speak the truth.
> [*Rosche v. McCoy*, 397 Pa. 615, 620–621, 156 A.2d 307, 310 (1959)]

\* \* \* \* \* \*

> Our standard of review of rulings on the competency of witnesses is very limited indeed.

*Id.*, 250 Pa.Superior Ct. at 204–05, 378 A.2d at 898.

Instantly, the trial court stated that: "This Court had ample opportunity to observe the demeanor, alertness, thoughtfulness and sincerity of the child during voir dire and subsequent testimony.... During voir dire and throughout the trial the witness answered questions thoughtfully and in a forthright manner, was alert and responsive on the witness stand, demonstrated her ability to communicate, and to appreciate her duty to answer truthfully." Trial court opinion at 4–5. The trial judge's opportunity to observe the demeanor, alertness, thoughtfulness, and sincerity of a child witness may be more important than the words used by the child to answer questions. *See Commonwealth v. Payton*, 258 Pa.Super. 140, 392 A.2d 723 (1978). In addition, in response to appellant's assertion that the victim seemed competent only as a result of prompting by the prosecutor, the trial court asked the following question: "Okay. [Victim], the answers you gave here in court, were they the truth answers or were they answers that somebody told you to say?" The victim responded: "The truth." N.T. November 20, 1986 at 15. Again on the topic

of prompting by the prosecutor, the victim further responded to questions by the prosecutor:

Q Now, when you came to my office, you talked to me about what happened with your dad; is that right?

A Yes.

Q When you came to my office, did I tell you what happened with your dad or did you tell me?

A No. What happened.

Q Right. But when we talked about it, did I tell you or did you tell me?

A You asked me and I told you.

N.T. November 20, 1986 at 59.

What appellant refers to as "coaching" was nothing more than the careful pretrial preparation necessary where a very young child must testify about the sexual abuse committed against her. Consequently, appellant's trial counsel cannot be considered ineffective for. failing to preserve a meritless claim.

Appellant's last contention of ineffectiveness concerns trial counsel's failure to file a motion to modify sentence. Specifically, appellant maintains that the trial court sentenced appellant based upon the seriousness of the offense alone, ignored the character, history, and condition of appellant, failed to adequately articulate its reasons for the sentence, improperly considered appellant's prior convictions as an aggravating circumstance, and imposed an excessive sentence. We disagree. Sentencing is within the sound discretion of the trial court and absent an abuse of discretion, will not be disturbed. *See Commonwealth v. Simpson*, 353 Pa.Super. 474, 510 A.2d 760 (1986), *appeal denied*, 514 Pa. 624, 522 A.2d 49 (1987) and 514 Pa. 635, 522 A.2d 1105 (1987).

It is well established that a sentencing court may not base its sentence upon the seriousness of the crime alone. *See Commonwealth v. Butch*, 487 Pa. 30, 407 A.2d 1302 (1979). Instantly, our review of the record reveals that the trial court did not base its sentence on the seriousness of the crime alone; rather, the seriousness of the crime was

only one factor considered by the trial court while imposing sentence. *See* N.T. April 23, 1987. Additionally, the record reveals that the trial court did consider the character, history, and condition of appellant as required by 42 Pa.C. S.A. § 9725. The trial court reviewed appellant's presentence investigation report, including reports prepared in another county. As the court stated in its opinion: "[T]he Court considered all of the defendant's [appellant's] history, including his alcoholism, psychological and psychiatric reports, his work history, the testimony of various family members, the defendant's present character and his condition, the impact of the crime on the victim, and the nature and circumstances of the crime." Trial court opinion at 5. *See* N.T. April 23, 1987.

Additionally, pursuant to the mandate of our Supreme Court in *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977), our review of the record reveals that the trial court adequately stated its reasons for its sentence on the record. *See* N.T. April 23, 1987 at 30–31. We agree with appellant that a sentencing court cannot consider a defendant's prior convictions as an aggravating circumstance since that factor has already been included in the computation of a defendant's prior record score under the sentencing guidelines. *See Commonwealth v. Bartlow*, 354 Pa.Super. 444, 512 A.2d 34 (1986). In the instant case, however, the trial court did not consider appellant's prior convictions as an aggravating circumstance; rather, the trial court looked to appellant's prior convictions in order to establish appellant's prior record score under the sentencing guidelines. *See* N.T. April 23, 1987 at 4. Lastly, the trial court did not impose an excessive sentence. As explained by the trial court:

> After careful consideration of all the factors (including that defendant is a suitable candidate for some kind of therapy upon release) this Court sentenced defendant within the minimum standard range of the sentencing guidelines.... [T]he defendant was sentenced to forty-two (42) to eighty-four (84) months on the charge of Rape.

The same sentence was imposed for Involuntary Deviate Sexual Intercourse to run concurrent with the initial sentence. Statutory Rape and Indecent assault merge into the above charges. The sentence on the charge of incest was suspended, as were the sentences for Corrupting the morals of a Minor and Indecent Assault. The charge of Simple Assault merges into Indecent Assault.

Trial court opinion at 5–6. Rape, pursuant to 18 Pa.C.S.A. § 3121, and involuntary deviate sexual intercourse, pursuant to Pa.C.S.A. § 3123, are both felonies of the first degree. Applying the sentencing guidelines, with a prior record score of 1, the suggested sentencing ranges for either crime is as follows: aggravated range of 66 to 82 months, standard range of 42 to 66 months, and mitigated range of 31–42 months. The statutory maximum for a felony of the first degree is twenty years. 18 Pa.C.S.A. § 1103. In the present case, appellant was sentenced to 42–84 months' imprisonment. Accordingly, we find that the trial court did not impose an excessive sentence upon appellant.

Because we find that all of appellant's sentencing contentions are meritless, appellant's trial counsel cannot be deemed ineffective for failing to file a motion to modify sentence.

Accordingly, the judgment of sentence is affirmed.