566 A.2d 878

**June Ellen CYRAN, Appellant,**

v.

**John M. CYRAN, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 13, 1989.

Filed Nov. 27, 1989.

I. Leonard Hoffman, Bensalem, for appellant.

Kevin T. Keane, Newton, for appellee.

Before OLSZEWSKI, DEL SOLE and JOHNSON, JJ.

DEL SOLE, Judge:

This is an appeal from an order directing that the child in this custody dispute, Scott Cyran, be in the primary physical custody of his father, Mr. John M. Cyran, that the mother, Mrs. June Ellen Cyran, relinquish primary custody, and that Scott reside with his mother three weekends out of every month. This order further states that after the summer of 1989, Scott will reside with Mrs. Cyran for the months of July and August, and with his father every other weekend during those two months. Holidays will be spent alternatively with Mother or Father. Mrs. Cyran appeals from this order citing hearing court error and abuse of discretion. For the reasons that follow, we reverse.

A child custody litigant has a due process right to in-court examination of the author of reports adverse to the litigant. *Commonwealth ex rel. Robinson v. Robinson,* 505 Pa. 226, 478 A.2d 800 (1984), *citing, Wood v. Tucker,* 231 Pa.Super. 461, 332 A.2d 191 (1974). When a litigant is unlawfully deprived of the right to cross-examine the author of such reports, and the court relies on them, then reversal of the hearing court's decision is mandated. *Rummel v. Rummel,* 263 Pa.Super. 97, 397 A.2d 13 (1979).

In the instant case, the expert report in question was one prepared by Dr. Nicholas Winter of the Court Conciliation and Evaluation Service. The trial court, in its Memorandum Opinion, liberally adopted facts, recommendations, and con-

clusions of the report. This is underlined by the trial court's statement that "it was the testimony of his two teachers and the report of Dr. Nicholas Winter which caused this Court to enter the Order directing Scott to live with his father during the school week." (*Memorandum Opinion* at 3).

The first reference to the report in the record occurs when The Honorable Michael J. Kane, stated (N.T. at 139, March 20, 1989),

> Court is adjourned. We will attach, before we a [sic] adjourn, to the record of today's proceedings as Court Exhibit One the report of Mr. Nicholas Winter of the Court Conciliation and Evaluation Service.

There had been no reference to this report prior to this statement, and Dr. Winter had not been cross-examined on the contents of the report during the proceedings.

Although Mr. Cyran argues that this issue was not preserved for appeal, and although it is well settled that a party can waive an issue in a child custody case, *see, Robinson, supra.*, 505 Pa. at 233–34, 478 A.2d 800; *Schwarcz v. Schwarcz*, 378 Pa.Super. 170, 548 A.2d 556 (1988), here there was no waiver because Mrs. Cyran did not have the opportunity to object to the admission of Dr. Winter's report during the proceedings. The report was merely appended to the court's oral order following the hearing.

■ Expert reports may not be used in child custody contests unless the author of the report testifies and is subject to cross-examination by the party adversely affected, or unless the parties consent. Here, there was no opportunity for the parties to consent or object to the use of this report, nor did the author testify. Further, the court materially relied on this report to Appellant's detriment. We will therefore reverse and remand this case to the trial court. Upon remand, if the trial court chooses to rely on Dr. Winter's report, then he must be called to testify and be subject to cross-examination.

Further, the court should supplement the record with a transcript of Scott's *in camera* testimony. When a hearing judge interviews a child in a custody case, the testimony must be transcribed and made a part of the record. *Fisher v. Fisher,* 370 Pa.Super. 87, 535 A.2d 1163 (1988). Moreover, apart from the transcription of the interview, counsel must be present and counsel must have the opportunity to question the child. *See, Gerald G. Junior v. Theresa G.,* 284 Pa.Super. 498, 426 A.2d 157 (1981).

We also note that the court in its Memorandum Opinion has failed to consider that its order results in the separation of siblings; Scott's sister will remain with his mother during the school year. It has always been a a strong policy in our law that in the absence of compelling reasons to the contrary, siblings should be raised together whenever possible. *Pilon v. Pilon,* 342 Pa.Super. 52, 492 A.2d 59 (1985), *citing inter alia, Albright v. Commonwealth ex rel. Fetters,* 491 Pa. 320, 421 A.2d 157 (1980). In defining the phrase "compelling reasons" this court has said that the evidence must indicate that it was "necessary" to separate the children, and the evidence was "forceful" in this regard. *Id.,* 342 Pa.Superior Ct. at 56, 492 A.2d 59.

Therefore, on remand, this doctrine or strong legal policy, variously called the doctrine of "family unity" or "whole family doctrine," bears serious consideration. The hearing court must explain why there are compelling reasons to separate the siblings and whether the evidence was forceful enough to convince or overcome this doctrine.

We need not address Mrs. Cyran's claim that the hearing court erred in its application of the burden of proof or that the court abused its discretion by ordering that Mr. Cyran be given primary custody of Scott because we reverse on other grounds.

The hearing court's order is reversed and remanded for further proceedings in accordance with this opinion. Jurisdiction relinquished.

JOHNSON, J., files a dissenting opinion.

JOHNSON, Judge, dissenting.

I respectfully dissent. The issue of whether an evaluation prepared by Dr. Nicholas Winter of the Court Conciliation and Evaluation Service was improperly admitted into evidence is waived and therefore does not provide a basis for reversal.

As the majority recognizes this evaluation was admitted into evidence in the following manner:

> Court is adjourned. We will attach, *before we a* [sic] *adjourn*, to the record of today's proceedings as Court Exhibit One the report of Mr. Nicholas Winter of the Court Conciliation and Evaluation Service.

N.T. at 139, March 20, 1989. No objection to the introduction of this evaluation appears of record. Although there had been no prior reference to this evaluation at trial, Mother knew of its existence, since the evaluation was made at the parties' request. Opinion dated April 20, 1989 at p. 2. In addition, Mother concedes that the evaluation was made available to her counsel for inspection in judicial chambers. Appellant's brief at p. 13 n. 2. Thus, the evaluation and its contents were no surprise, and through the evaluation, each counsel was apprised of Dr. Winter's willingness to testify as to the matters contained in the evaluation.

Reversal is not *mandated* where the court considers an evaluation without having the benefit of the author's cross-examination. Rather, it *may* be warranted. *See Commonwealth ex rel. Robinson v. Robinson*, 505 Pa. 226, 234, 478 A.2d 800, 805 (1984) *citing Rummel v. Rummel*, 263 Pa.Super. 97, 397 A.2d 13 (1979). This issue is waived and reversal is not appropriate where the issue has not been preserved at trial, *Schwarcz v. Schwarcz*, 378 Pa.Super. 170, 178, n. 10, 548 A.2d 556, 560–561, n. 10 (1988) *citing Commonwealth ex rel. Robinson v. Robinson, supra; Ellingsen v. Magsamen*, 337 Pa.Super. 14, 20, n. 3, 486 A.2d 456, 459, n. 3 (1984) or on appeal, *Commonwealth ex rel. Robinson v. Robinson, supra.*

It is simply not true that Mother had no opportunity to object during the proceedings where Mother knew of the evaluation, counsel was aware of its contents, and the court explicitly stated that before adjournment, the court would attach the evaluation as Court Exhibit 1. At that point, the fact that the author of the report was not produced for cross-examination could have been brought to the court's attention and the proceedings continued. Remanding this case now will lead to the same type of vexatious litigation against which *Robinson, supra* cautions this court. This is particularly so since the trial court opinion strongly suggests that it would have reached the same conclusion in the absence of the evaluation, and the reasons which the trial court put on the record before entering its order make no mention of the evaluation.

I find Mother's remaining issues frivolous. First, with regard to Mother's complaint that the in camera interview of the parties' son was not transcribed, I observe that neither party has alleged that their counsel was not permitted to be present at the in camera interview. In fact, Mother's brief refers to the son's interview as though she has actual knowledge of what transpired during those proceedings, thereby suggesting that counsel was indeed present. While it is true that when the trial court interviews a child in a custody case it must have the proceedings transcribed, the purpose behind this requirement is to assure that this court is provided with a complete record on appeal. *Gerald G. v. Theresa G.*, 284 Pa.Super. 498, 426 A.2d 157 (1981). Here, our review has not been hindered by the failure of the trial court to transcribe the proceedings. Mother alleges no prejudice from the court's failure to transcribe the son's interview other than her inability to substantiate her claim that the son made a statement contrary to the representations of Father. Taking this allegation as true, and also recognizing that the son told the court that he wished to remain with his mother, there is still no basis to reverse the trial court.

Second, the findings of fact and conclusions of law made by the trial court with regard to the son's academic performance, discipline, nutrition, and juggling between homes are supported by the record. The record does not demonstrate that the trial court favored either party. In addition, the trial court stated that it considered the son's preference to stay with his mother but even considering this preference found that it was in the son's best interests to live with his father. As for the separation of the two children, there are ample reasons of record why the arrangement set forth by the court is in the son's best interests. The failure of the court to mention the general objective of this Commonwealth not to separate siblings does not, of itself, warrant reversal. *M.D. v. B.D.*, 336 Pa.Super. 298, 305, 485 A.2d 813, 817 (1984). Moreover, it is clear that the trial court took into consideration this objective in framing its order. The trial court essentially adopted the recommendation of Dr. Winter that visitation be arranged to allow the children to spend as much time together as possible.

Third, I find no statement by the trial court erroneously articulating the burden of proof in this case. In fact, Mother's assertions to this end simply suggest that if the findings of fact and conclusions of law were erroneous, then the defendant has failed to meet his burden to prove by a preponderance of the evidence that awarding father custody is in the son's best interests. I have already concluded that the findings and the conclusions of the trial court were not in error. I also find that the evidence was sufficient to show that Father is better able to give his son the guidance and discipline that he requires.

The trial court's opinion demonstrates that it thoroughly considered the evidence before it. Giving due weight to the many factors to be taken into consideration when changing a custody arrangement, the court decided that the son's best interests required residence with his father. I find nothing of record to suggest that the court committed a gross abuse of discretion. Accordingly, I cannot join the majority. The order of the trial court should be affirmed.