617 A.2d 315

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Francis E. LUDDY, a/k/a Francis E. Luddy, Jr., Appellee.**

Supreme Court of Pennsylvania.

Argued May 10, 1991.

Decided Nov. 24, 1992.

David J. Flower, Dist. Atty., for appellant.

L. Edward Glass, Johnstown, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION

NIX, Chief Justice.

In this appeal, review is sought from an order of the Superior Court quashing the appeal of the Commonwealth, appellant herein, from the order of the Court of Common Pleas of Franklin County. The trial court granted the motion to suppress evidence filed by Appellee, Francis E. Luddy, a/k/a Francis E. Luddy, Jr., of his alleged sexual contact with the victim, Samuel C. Hutchison, in 1980, and with the victim's older brother Mark Hutchison, in the 1970's and early 1980's, unless additional evidence was offered. In suppressing the evidence, the court of common pleas held that the proposed testimony proffered by the Commonwealth of the appellee's prior acts of criminal sexual misconduct was not admissible as an exception to the rule that evidence of other crimes is not admissible against a defendant solely to show his bad character or propensity for committing criminal acts. The Court of Common Pleas relying on *Commonwealth v. Billa*, 521 Pa.

168, 177, 555 A.2d 835, 840 (1989), suppressed the prior criminal acts, finding they did not involve a common scheme, plan or design embracing commission of two or more crimes so related to each other that proof of one naturally tends to prove the others.

The Superior Court denied appellee's motion to quash the appeal on July 19, 1989. However, on July 24, 1989, the Superior Court vacated the July 19, 1989, order denying the motion to quash the appeal and entered an order granting appellee's motion to quash the appeal. The Commonwealth petitioned this Court for review, and we granted allocatur. 525 Pa. 579, 575 A.2d 110 (1990). For the following reasons, we reverse and remand to the Superior Court to decide the issue as to whether the testimony offered by the Commonwealth was properly suppressed by the trial court.

The facts leading to this case are as follows. On May 18, 1988, appellee, a Roman Catholic priest, was arrested and charged with Corruption of a Minor [1] and Indecent Exposure [2] for incidents that allegedly occurred between July 1 and July 15, 1985. The Commonwealth alleges that the appellee engaged in sexual activity with his minor godson, Samuel C. Hutchison, while he was sixteen years of age.

The Court of Common Pleas of Somerset County granted appellee's motion for a change of venue as a result of the publicity concerning the occurrence in question. The matter

---

1. The Crimes Code, states in pertinent part:
   **Offense defined.**—Whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, is guilty of a misdemeanor of the first degree.
   18 Pa.C.S. § 6301(a).

2. The Crimes Code, provides:
   A person commits a misdemeanor of the second degree if, for the purpose of arousing or gratifying sexual desire of himself or of any person other than his spouse, he exposes his genitals under circumstances in which he knows his conduct is likely to cause affront or alarm.
   18 Pa.C.S. § 3127.

was transferred to the Court of Common Pleas of Franklin County and scheduled for the March Term of Court which commenced March 13, 1989. At the pre-trial conference, the trial court was asked to rule upon the admissibility of evidence the Commonwealth proposed to offer at trial concerning alleged sexual misconduct with Samuel, and also with Mark, a number of years prior to the questioned occurrence in the case *sub judice.* The Commonwealth averred that Mark would testify that the appellee engaged in sexual relations with him on numerous occasions from 1977 to 1981. The testimony would establish that these relations began when Mark was twelve years of age and continued until he was sixteen. The Commonwealth further submitted that it would offer testimony from Samuel concerning a 1980 incident where appellee forced Samuel to perform oral sex on him. No charges resulted from these other alleged occurrences.

At the pre-trial conference, the Commonwealth sought the admission of this testimony on the basis that it demonstrated appellee's "common scheme, plan or design to commit a crime." The Commonwealth argued that a godfather engaging in sexual relations with his godchildren after gaining the confidence of the children and their parents was admissible as evidence of a common scheme, plan or design. The Commonwealth averred that the alleged conduct occurred during a period of several years and was interrupted only by the parents moving the family to Akron, Ohio between 1980 and 1982. Furthermore, the alleged incident, which gave rise to the charges herein, occurred when Samuel drove from Ohio to Somerset County, where he contacted appellee. Appellee and Samuel then met at the rectory where appellee allegedly engaged in sexual relations with Samuel. The trial court ruled the evidence of prior sexual misconduct inadmissible. It concluded that the remoteness in time between the alleged prior criminal activity and the occurrence in the case *sub judice* precluded a rational inference of a common scheme, plan or design to commit a crime. As previously stated, the trial court ruled the testimony inadmissible, and the Superior Court quashed the Commonwealth's appeal.

The Commonwealth raises two issues for this Court's review. However, we need only address the issue concerning the question of when the Commonwealth may appeal an unfavorable suppression order.[3]

The prosecutor has the obligation to prosecute those within our community who have been charged with offending the laws of this Commonwealth. To unnecessarily undercut the prosecutor in the discharge of this responsibility hurts society at large in its reasonable expectation that those who would offend our laws should be punished for their dereliction. Consistent with our present level of civilization, we have accepted the concept that a prosecutor or police officer should be precluded from employing illegal or illicit means of securing evidence to support a prosecution. *Commonwealth v. Brown,* 470 Pa. 274, 282, 368 A.2d 626, 630 (1976). However, we have clearly recognized that the Commonwealth should have the right to appellate review of an adverse suppression ruling that would otherwise terminate or substantially handicap the prosecution. *Commonwealth v. Smith,* 518 Pa. 524, 527, 544 A.2d 943, 944 (1988); *Commonwealth v. Dugger,* 506 Pa. 537, 546–47, 486 A.2d 382, 386–87 (1985); *Commonwealth v. Bosurgi,* 411 Pa. 56, 62, 190 A.2d 304, 308 (1963), *cert. denied,* 375 U.S. 910, 84 S.Ct. 204, 11 L.Ed.2d 149 (1963).

Having recognized the right, this Court is empowered to determine the procedure governing the exercise of such a right. 42 Pa.C.S. § 1722.[4] In this case, we must decide

3. The second issue raised is whether the testimony in question is admissible because it would show that appellee's actions during the incident resulting in criminal charges were a part of a common scheme, plan or design to commit a crime. However, the Superior Court never addressed the issue because it granted the motion to quash the appeal. Therefore, it would not be proper for this Court to consider the issue at the present time.

4. The Judicial Code provides in pertinent part:
   **General rule.**—The [Supreme Court] shall have the power to prescribe and modify general rules governing:
   (1) Practice, procedure and the conduct of all courts, district justices and all officers serving process or enforcing orders of any court or district justice and for admission to the bar and to practice law, and the administration of all courts and the supervision of all

whether the proper procedure was employed by the Commonwealth to appeal a suppression order.

Appellee submits that the Superior Court lacked jurisdiction to entertain the appeal because the Commonwealth has not complied with the Judicial Code, 42 Pa.C.S. § 702(b), since it failed to obtain certification from the Court of Common Pleas. The Judicial Code prescribes the following procedure for taking an interlocutory appeal:

> When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

42 Pa.C.S. § 702(b). Appellee further asserts that the Superior Court lacked jurisdiction where the Commonwealth did not comport with Rule 1311 of the Pennsylvania Rules of Appellate Procedure by failing to file a petition for permission to appeal. Pa.R.A.P. 1311(b).[5]

Appellee correctly states that the trial court's order did not include a statement pursuant to Section 702(b) of the Judicial

> officers of the judicial branch, if such rules are consistent with the Constitution of Pennsylvania and neither abridge, enlarge nor modify the substantive rights of any litigant, nor affect the right of the General Assembly to determine the jurisdiction of any court or district justice, nor suspend nor alter any statute of limitation or repose. All statutes shall be suspended to the extent that they are inconsistent with rules prescribed under this paragraph.
>
> 42 Pa.C.S. § 1722(a)(1).

**5.** The Pennsylvania Rules of Appellate Procedure provide in pertinent part:

> Permission to appeal from an interlocutory order containing the statement prescribed by 42 Pa.C.S. § 702(b) may be sought by filing a petition for permission to appeal with the prothonotary of the appellate court within 30 days after entry of such order in the lower court or other government unit....
>
> Pa.R.A.P. 1311(b).

Code. However, Section 702(b) does not govern this matter. To the contrary, the instant case is governed by Section 5105(a) of the Judicial Code, 42 Pa.C.S. § 5105(a),[6] and Rule 311(a)(7) of the Pennsylvania Rules of Appellate Procedure,[7] which allow, *inter alia*, for appellate review of an order defined as a final order by general rule.

This Court has stated that the practical effect of an order granting the suppression of evidence gives to the order such an attribute of finality as to justify the grant of the right of appeal to the Commonwealth. *Commonwealth v. Bosurgi*, 411 Pa. 56, 64, 190 A.2d 304, 308 (1963). "Without a right of appeal in the Commonwealth ..., the Commonwealth is completely deprived of *any opportunity* to secure an appellate court evaluation of the validity of the order of suppression which forces the Commonwealth to trial without *all* of its evidence." *Id.* at 63, 190 A.2d at 308. Therefore, "the Commonwealth's right to appellate review of a suppression order is based on the definition of such an order as 'a final order by general rule.'" *Commonwealth v. Dugger*, 506 Pa. 537, 544 n. 5, 486 A.2d 382, 385 n. 5 (1985) (quoting 42 Pa.C.S. § 5105(a)). *See also* Pa.R.A.P. 311(a)(7). Consequently, the Commonwealth is not required to seek a certification order pursuant to Section 702(b); nor is there any need for the Commonwealth

**6.** Section 5105(a) states in pertinent part:

    **(a) General rule.**—There is a right of appeal under this subsection from the final order (including an order defined as a final order by general rule) of every:

    (1) Court or district justice of this Commonwealth to the court having jurisdiction of such appeals.

    (2) Government unit which is an administrative agency within the meaning of section 9 of Article V of the Constitution of Pennsylvania to the court having jurisdiction of such appeals. An order is appealable under this paragraph notwithstanding the fact that it is not appealable under Chapter 7 of Title 2 (relating to judicial review).

    (3) Appointive judicial officer to the court by which such officer was appointed.

**7.** Rule 311(a)(7) provides:

    (a) General Rule. Except as otherwise prescribed by general rule, an appeal may be taken as of right from:

    . . . .

    (7) *Other Cases.* An order which is made appealable by statute or general rule.

to file a petition for allowance of appeal pursuant to Rule 1311 because this case is governed by Section 5105(a) and Rule 311(a)(7). *See Commonwealth v. Smith,* 511 Pa. 36, 511 A.2d 796, *cert. denied,* 479 U.S. 1006, 107 S.Ct. 643, 93 L.Ed.2d 700 (1986). *Commonwealth v. Dugger,* 506 Pa. 537, 486 A.2d 382 (1985).

Presently, the Commonwealth certified that the trial court's suppression order "patently handicapped" its case. The Commonwealth employed the proper procedure to appeal the suppression order. Therefore, the Superior Court incorrectly granted appellee's motion to quash the Commonwealth's appeal.[8]

Accordingly, the Superior Court's order quashing the appeal is reversed and the matter is remanded to the Superior Court to reach the issue as to whether the trial court properly suppressed the proffered testimony.[9]

McDERMOTT, J., did not participate in the decision of this case.

ZAPPALA, J., files a dissenting opinion.

ZAPPALA, Justice, dissenting.

I dissent. Utilizing the hieroglyphics of a final order by general rule under Pa.R.A.P. 311(a)(7), the majority now obliterates the entire certification procedure set forth in 42 Pa.C.S. 702(b) and *Commonwealth v. Dugger,* 506 Pa. 537, 486 A.2d 382 (1985). In my Concurring Statement in *Commonwealth v. Cohen,* 529 Pa. 552, 605 A.2d 1212, 1219 (1992), where we granted a right of appeal "with certification", I prophesied that "Perhaps, just perhaps, the majority may

---

8. Pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, the Court of Common Pleas entered an order requiring the Commonwealth to file a statement of matters complained of on appeal. Although untimely, the Commonwealth complied with the order. This Court is unable to discern whether untimely compliance was the basis for the Superior Court's order granting the motion to quash the appeal since an opinion was not written. Nevertheless, based on the Superior Court's own balancing test, it would be inappropriate to determine the objections herein waived and thus quash the appeal. *See Commonwealth v. Mueller,* 341 Pa.Super. 273, 491 A.2d 258 (1985).

9. See note 3, *supra.*

deem it appropriate to mandate that our overtaxed trial judge entertain such motions, thereby becoming nothing more than discovery courts for inquisitive prosecutors." Sadly, my brethren now proceed one step further. Today, we do not even require a certification, but merely an adverse ruling with the filing of a petition that simply declares that the Commonwealth's case is "seriously handicapped." No longer shall our overtaxed trial judges entertain such evidentiary rulings, it shall now be the burden of the overtaxed appellate jurists of both the Supreme Court and the Superior Court to make such decisions.

I have always perceived a sense of fairness in the application of both the rules and the laws of the Commonwealth. Now it appears that this sense of fairness has not only dissipated but has become perverted. A defendant is left to the task of running the entire gauntlet of trial, conviction and appeal in order to cure an evidentiary ruling, whereas the Commonwealth can immediately seek redress without any appreciable delay.