COMMONWEALTH of Pennsylvania,
Appellee,

v.

Lawrence BARLOW, Appellant.

Superior Court of Pennsylvania.

Argued Jan. 16, 2001.
Filed May 7, 2001.

---

**274**

Charles Nistico, Media, for appellant.

Patrick L. Meehan, Vram Nedurian, Jr., Assistant District Attorneys, Media, for Com.

Before EAKIN, MONTEMURO * and BECK, JJ.

EAKIN, J.:

¶ 1 Lawrence Barlow appeals from the judgment of sentence entered following his conviction for driving under the influence of alcohol (DUI). 75 Pa.C.S. § 3731(a)(1). We affirm.

¶ 2 On August 7, 1998, at approximately 2 a.m., appellant stopped on the southbound shoulder of Interstate Highway 95. Corporal Brent McNair, in a Chester Township patrol car parked across the road, saw appellant get out of his vehicle, walk to the trunk, then to the passenger side and back to the trunk again. Corporal McNair asked if he needed assistance; appellant said he had a flat tire but would take care of it the next day. Corporal McNair told him to drive further onto the shoulder of the road, and appellant complied.

¶ 3 Once his vehicle was parked, appellant walked across the highway, entered the back seat of the patrol car and asked for a ride. Corporal McNair agreed, then received a report of an accident on I–95. Corporal McNair asked appellant if he had seen a problem down the highway; appellant replied that he thought he had hit a car. When Corporal McNair noticed alco-

hol on appellant's breath, he crossed the highway to inspect appellant's car, and found a damaged passenger side front quarter panel. Appellant acknowledged he had been drinking. Corporal McNair drove to the accident scene, where appellant pointed to a damaged Buick and said he had hit it.

¶ 4 There, Officer Blythe of the Chester Police Department spoke to appellant, and noticed a strong smell of alcohol on his breath. Officer Blythe advised appellant of the implied consent law, and asked him to submit to field sobriety evaluations. Appellant agreed, and was given the "finger to nose" and the "one leg balance" tests; he did not do well on either. Forty minutes after taking a portable breath test (PBT) at the scene, appellant was tested on the EC/IR intoximeter at the Brookhaven Police Station. During the 40 minutes between the PBT and the intoximeter test, appellant was in the presence of either Officer McGoldrick or Officer Blythe or both. The two intoximeter results were .155% and .152%, respectively.

¶ 5 Appellant was charged under subsections (a)(1) and (a)(4) of the DUI statute. The trial court found him not guilty under subsection (a)(4), but guilty under subsection (a)(1). Appellant was sentenced to 30 days to 23 months imprisonment; the trial court graciously permitted the first ten days to be served on five consecutive weekends and the remaining 20 days to be satisfied by electronic home monitoring.

¶ 6 In this timely appeal, appellant's sole issue is:

Whether the trial court abused its discretion in permitting the Commonwealth to introduce evidence concerning a blood-alcohol test conducted on Mr. Bar-

* Retired Justice assigned to Superior Court.

low since the results were irrelevant to these proceedings.

Appellant's Brief, at 3.

¶ 7 Appellant argues the evidence failed to show the officers conducted the 20 minute pre-test observation required by 67 Pa.Code § 77.24(a). *See Commonwealth v. Stoops*, 723 A.2d 184, 189 (Pa.Super.1998); *appeal denied*, 560 Pa. 744, 747 A.2d 368 (1999). Appellant contends the proofs do not show there were 20 minutes of continuous observation. He contends this makes the test results inadmissible and irrelevant.[1]

¶ 8 The trial court questioned the sufficiency of the evidence on this point, but decided any shortcoming went to the weight of the evidence, not its admissibility. We can understand the hesitation of the trial court when trying to assess this issue; for whatever reason, this trial was conducted in three temporally distant parts. Testimony was first given on October 7, 1999. The trial was resumed November 23, 1999, but was not completed on that date. The conclusion came March 21 of the following year, five and one-half months after trial began. Compliance with the Pennsylvania Code was not at the heart of the defense case; the defense was that another person had driven appellant to the point where Corporal McNair first saw him. While there was a proper objection, some amount of uncertainty about the observation evidence is hardly unexpected, given this protracted trial timeframe.

¶ 9 We cannot agree with the suggestion that a failure to comply with the required observation period of the Code affects only the weight of the evidence. The Code's requirements go to the trustworthiness of the evidence. If that issue is raised, fail-ure to comply does not permit the results to be admitted as substantive evidence with lessened reliability it precludes admission. That said, we still cannot grant the relief appellant seeks.

¶ 10 While suggesting it was "uncertain" about the observation period, the trial court did not find that there was a failure of proof on the issue. Our review, having the benefit of looking at all of the testimony at one time, shows there was direct testimony of observation by the officers which complied with the Code requirements. The officers stated appellant was isolated in the patrol car for at least half an hour, without access to food or drink, and he was continually observed at the station. N.T., 3/21/00, at 19. His mouth was checked before the PBT (he'd been hiding a penny in it, which the officer removed). N.T., 11/23/99, at 114. The intoximeter test was "at least a half an hour" later, with perhaps ten minutes more before the test. N.T., 11/23/99, at 116.

█ ¶ 11 The officer driving appellant to the station obviously did not keep his eyes on his passenger all the time, but there is no evidence of any actions which would affect the test. While the trial court suggests appellant vomited "in the interim," the only evidence of such an event showed it preceded the trip to the station, which took longer than 20 minutes itself; it did not occur during the period of observation between the PBT and intoximeter test. This circumstantial evidence shows that no ingestion or the like undermined the goals of observation. "Observation" does not mean "eyes on his mouth 100% of the time"; the Commonwealth had to prove, by a preponderance of the evidence,[2] that

---

1. Test results are not irrelevant under Section (a)(1); if the test was not performed in compliance with the Code, the question is admissibility, not relevance.

2. We use that standard, as this is a question of admissibility of evidence, not guilt or the

ingestion did not occur, and we find that burden was met.

¶ 12 Further, in this non-jury trial, it is clear the learned trial court did not rely on the test results in reaching its verdict; the failure to convict under subsection (a)(4) shows that fact rather conclusively. The remaining evidence certainly supports the verdict under subsection (a)(1); the record shows a collision, all the classic physical indicia of intoxication, inability to properly complete field sobriety evaluations, and the opinions of several officers that appellant was incapable of safe driving. Even if the breathalyzer results had been admitted in error, that error would have been harmless.

¶ 13 As the record shows no violation of 67 Pa.Code § 77.24(a), appellant's claim fails.

¶ 14 Judgment of sentence affirmed.

lack of guilt. *See Commonwealth ex rel. Butler v. Rundle,* 429 Pa. 141, 239 A.2d 426, 429 (1968).