J-S34040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| OLAJUWON N. JONES, | |
| Appellant | No. 2807 EDA 2016 |

Appeal from the Judgment of Sentence June 24, 2016
in the Court of Common Pleas of Delaware County
Criminal Division at No.: CP-23-CR-0000206-2016

BEFORE:  BOWES, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                                   **FILED JUNE 22, 2017**

Appellant, Olajuwon N. Jones, appeals from the judgment of sentence imposed following his bench conviction of driving under the influence of alcohol (DUI, high rate of alcohol) and failure to stop at a stop sign.[1]  We affirm.

The trial court aptly set forth the factual background of this matter as follows:

> On June 18, 2015, at approximately 1:27[a.m.], while stationed in the area of 1919 Chichester Avenue, Upper Chichester, Delaware County, PA Officer Kevin J. Mitchell of the Upper Chichester Township Police Department noticed a silver Mercedes Benz traveling southbound making a very quick U-turn in the middle of the intersection and accelerating northbound. Officer Mitchell proceeded to follow the vehicle.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3802(b) and 3323(b), respectively.

The lone occupant driver of the vehicle, later determined to be [Appellant], made a right turn on Pleasant Avenue and accelerated toward the intersection of Vernon Avenue. At this intersection, [Appellant] failed to properly stop at a posted stop sign. [Appellant] then proceeded to quickly stop at a nearby roadway on Opal Avenue. [Appellant] exited the vehicle through the driver's door and began to walk quickly toward a residence located at 2033 Opal Avenue, Upper Chichester, Delaware County, PA.

Officer Mitchell, who had been following [Appellant] in his marked police vehicle without activating his emergency lights, exited his vehicle and attempted to make contact with [Appellant] on foot. After a failed attempt to make [Appellant] stop and talk to him, Officer Mitchell shined his flashlight on himself so that [Appellant] could see he was a police officer in uniform, and asked [Appellant] again to stop walking. Once [Appellant] had stopped, Officer Mitchell approached him and proceeded to ask [Appellant] where he was headed and for his identification. [Appellant] provided Officer Mitchell with his [d]river's [l]icense and stated that he was "going home," confirming that he lived on 2033 Opal Avenue, Upper Chichester, Delaware County, PA. Since [Appellant]'s [d]river's [l]icense indicated that he lived in Marcus Hook, Delaware County, Officer Mitchell made contact with the resident of 2033 Opal Avenue, and the resident confirmed that she knew [Appellant] and he was welcomed to spend the night at the residence.

While speaking with [Appellant], Officer Mitchell detected a heavy odor of an alcoholic beverage emanating from his breath, as well as reddened and glassy eyes, dropping eyelids, and slurred speech. Suspecting that [Appellant] was intoxicated, Officer Mitchell requested [Appellant] to perform three field sobriety tests. [Appellant] failed to successfully perform the tests. Officer Mitchell proceeded to place [Appellant] under arrest and to transport him to the Upper Chichester Township Police Department headquarters. At the Upper Chichester Township Police Department, after Officer Mitchell read to [Appellant] the PennDot DL-26 form, [Appellant] signed the form and agreed to submit to chemical testing. Officer Mitchell used an Intoximeter EC/IR to test [Appellant]'s level of alcohol on his breath and the result of that testing revealed a 0.116 percent Blood Alcohol Concentration (BAC).

- 2 -

(Trial Court Opinion, 11/01/16, at 1-3) (record citations omitted).

Appellant proceeded to a one-day bench trial on June 24, 2016, and the trial court found him guilty of the above-mentioned offenses. On that same date, the court sentenced Appellant to a term of not less than forty-eight hours nor more than six months' incarceration. The court denied Appellant's timely post-sentence motion following a hearing on August 2, 2016. This timely appeal followed.[2]

Appellant raises two issues for our review:

> 1. [Did t]he trial court err[] in admitting the results of the breath test, as the 20-minute observation period was not followed[?]
>
> 2. [] Whether the verdict was against the weight of the evidence when the Commonwealth presented evidence that was so seriously lacking any creditability to shock one's sense of justice?

(Appellant's Brief, at 4, 11).[3]

In his first issue, Appellant argues that the trial court erred in admitting evidence of his BAC because the twenty-minute observation period, required under 67 Pa.Code § 77.24(a), did not occur prior to

---

[2] Appellant filed a timely concise statement of errors complained of on appeal on September 19, 2016. The trial court entered an opinion on November 1, 2016. *See* Pa.R.A.P. 1925.

[3] Appellant's statement of the questions involved quotes statutory law and fails to "state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail." Pa.R.A.P. 2116. Therefore, we have taken Appellant's first question from the argument section of his brief.

administration of the breath test. (**See** Appellant's Brief, at 11-13). Appellant maintains that Officer Mitchell's testimony that this observation requirement was met amounted only to speculation and conjecture, because the officer did not note the specific times of the observation period, or use the twenty-minute clock on the breath test machine to record the period. (**See id.** at 12-13). This issue does not merit relief.

Initially, we note that the failure to comply with the twenty–minute observation rule goes to the admissibility of the blood alcohol evidence. **See Commonwealth v. Barlow**, 776 A.2d 273, 275 (Pa. Super. 2001) ("The Code's requirements go to the trustworthiness of the evidence. If that issue is raised, failure to comply does not permit the results to be admitted as substantive evidence with lessened reliability[;] it precludes admission."). "Questions concerning the admission of evidence are left to the sound discretion of the trial court, and we, as an appellate court, will not disturb the trial court's rulings regarding the admissibility of evidence absent an abuse of that discretion." **Commonwealth v. Sitler**, 144 A.3d 156, 163 (Pa. Super. 2016) (*en banc*) (citations omitted).

Under section 77.24(a) of the Pennsylvania Code, a police officer or a certified breath test operator must observe a DUI suspect for a period of at least twenty consecutive minutes immediately prior to the administration of the breath test. The provision states:

> **(a) Observation.** The person to be tested with breath test equipment shall be kept under observation by a police officer or certified breath test operator for at least 20 consecutive minutes

immediately prior to administration of the first alcohol breath test given to the person, during which time the person may not have ingested alcoholic beverages or other fluids, regurgitated, vomited, eaten or smoked. Custody of the person may be transferred to another officer or certified breath test operator during the 20 consecutive minutes or longer period as long as the person to be tested is under observation for at least 20 consecutive minutes prior to initial administration of the alcohol breath test.

67 Pa.Code § 77.24(a).

"In [**Barlow**, **supra**], we stated the Commonwealth must prove, by a preponderance of the evidence, that an individual subjected to a breathalyzer test did not ingest anything for the [twenty] minutes prior to administration of the test, but that 'observation,' as used in 67 Pa.Code § 77.24(a), did not mean 'eyes on his mouth 100% of the time.'" **Commonwealth v. Snell**, 811 A.2d 581, 586 (Pa. Super. 2002), *appeal denied*, 820 A.2d 162 (Pa. 2003).

Here, the record reflects that Officer Mitchell detained Appellant outside of the Opal Avenue residence at about 1:30 a.m., and the drive to the police station following Appellant's arrest took five to seven minutes. (**See** N.T. Trial, 6/24/16, at 10, 28-29, 50). Officer Mitchell testified that, upon arrival at the police station, Appellant was "continuously in [his] custody[.]" (**Id.** at 29). The officer further stated, "[Appellant] was always in my presence especially at the police station [and] he was observed by me for at least 30 minutes" prior to administration of the first breath test, at 2:46 a.m. (**Id.**; **see id.** at 34). On cross-examination, Officer Mitchell acknowledged that he did not use the clock on the breath test machine to

record the twenty-minute observation period, nor did he note the exact times the observation period began and ended. (*See id.* at 60-61). However, he testified that, as a certified breath test operator who had administered hundreds of tests, he was well aware of the twenty-minute observation rule, and he agreed that it is an important procedure that police must follow. (*See id.* at 31-32, 61-62). Officer Mitchell reiterated that he followed the proper procedures in this case, with the observation period starting "at least [twenty] minutes prior to the time that the test was given." (*Id.* at 61).

Thus, the record demonstrates that Officer Mitchell detained Appellant at about 1:30 a.m., and administered the first breath test at 2:46 a.m. During the intervening time, Officer Mitchell arrested Appellant and transported him to the police station, where the officer unequivocally testified that Appellant was in his continuous custody during the requisite observation period prior to administration of the test. Upon review, we conclude the Commonwealth established, by a preponderance of the evidence, that Officer Mitchell sufficiently observed Appellant for the twenty minutes prior to the test, in compliance with the regulation, and the trial court did not abuse its discretion in admitting evidence of Appellant's BAC. *See Snell*, *supra* at 586; *see also Sitler*, *supra* at 163. Therefore, Appellant's first issue does not merit relief.

Appellant next challenges the weight of the evidence supporting his DUI conviction, arguing the breath test machine was not functioning

properly, rendering the test results unreliable. (**See** Appellant's Brief, at 14-18).[4] Appellant contends that because the machine needed servicing and a replacement component in August 2015, the June 2015 test results in instant case are untrustworthy. (**See id.** at 17). This issue does not merit relief.

Our standard of review is as follows:

> A verdict is not contrary to the weight of the evidence because of a conflict in testimony or because the reviewing court on the same facts might have arrived at a different conclusion than the fact[-]finder. Rather, a new trial is warranted only when the . . . verdict is so contrary to the evidence that it shocks one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. Where, as here, the judge who presided at trial ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.
>
> One of the least assailable reasons for granting or denying a new trial is the lower court's determination that the verdict was or was not against the weight of the evidence and that new process was or was not dictated by the interests of justice. Thus, only where the facts and inferences disclose a **palpable abuse of discretion** will the denial of a motion for a new trial based on the weight of the evidence be upset on appeal.

---

[4] Appellant preserved his weight claim by raising it in his post-sentence motion. **See** Pa.R.Crim.P. 607(A)(3).

*Commonwealth v. Morales*, 91 A.3d 80, 91–92 (Pa. 2014), *cert denied*, 135 S.Ct. 1548 (2015) (emphasis original; citations omitted).

Here, Officer Mitchell testified that the breath test machine successfully tested Appellant's breath, and he explained that the device goes through a series of internal checks to ensure accuracy before a sample is provided and in between samples. (*See* N.T. Trial, at 34-35, 79). Police Officer Jason Yaletchko, the certified custodian of the breath test machine who had performed the annual and monthly accuracy and calibration tests on it for four years as of the time of trial, testified that the Commonwealth of Pennsylvania has certified and approved it as a breath-testing device. (*See id.* at 70-72). Officer Yaletchko explained that if the machine has any type of malfunction or if contamination is present in the machine, "[i]t will abort itself[,] . . . take itself out of service . . . [and] say removed from service[]" because of its software design. (*Id.* at 77; *see id.* at 84). He stated that, in his opinion, "this device [was] properly serviced, calibrated and accurate at the time [Appellant] took the test[.]" (*Id.* at 78-79).

The trial court, as fact-finder, found the officers' testimony credible. (*See* Trial Ct. Op., at 11). It determined that "[t]he device was not contaminated at the time [Appellant's] alcohol breath test was administered[,]" and that "[t]he device was properly serviced, calibrated and accurate at the time Officer Mitchell administered . . . the alcohol breath test[.]" (*Id.* at 10-11). After review, we conclude that the trial court did not palpably abuse its discretion in ruling on Appellant's weight claim. *See*

***Morales***, ***supra*** at 91-92. Therefore, Appellant's final issue on appeal merits no relief. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2017