J-S29020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MARK LEMKE | |
| Appellant | No. 481 EDA 2016 |

Appeal from the Judgment of Sentence January 12, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003737-2015

BEFORE: LAZARUS, J., SOLANO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED JULY 18, 2017**

Appellant Mark Lemke appeals from the judgment of sentence entered following his convictions for two counts of driving under the influence of alcohol ("DUI").[1] We affirm.

Appellant's bench trial took place on November 12, 2015. The trial court recounts the pertinent facts from the trial as follows:

> Philadelphia Police Officer Kyra Davis was on routine patrol in a marked vehicle on May 25, 2013 at approximately 2:00 a.m. when [s]he saw a vehicle pull out of a parking lot at a high rate of speed at or near 11th and Pattison Streets in Philadelphia. [Appellant] was the driver seated inside the vehicle. The officer indicated that upon stopping the vehicle [s]he smelled a strong odor of alcohol, saw [Appellant] with red and glassy eyes, and heard slurred, heavy speech. Officer Davis concluded that

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant was convicted under 75 Pa.C.S. §§ 3802(a)(1) and (c).

[Appellant] was intoxicated. Appellant was arrested and transported to [the] Police Administration Building (PAB) in Philadelphia.

Police Officer Mark Eib also testified that on May 25, 2013, he was assigned to the Police Detention Unit in the basement of 8th and Race, and it was his duty to administer chemical testing to anyone who was arrested for DUI in the City of Philadelphia. Officer Eib administered chemical tests to [Appellant] and stated that: "During my interaction with him, Your Honor, I believe I spent 24 minutes with him by giving him a chemical test. I noted an odor of alcohol on his breath, his speech was impaired, his eyes [were] watery, and I did note that he was polite." Officer Eib continued[,] "I explained to him why he was there[,] that he had been arrested for DUI. . . . He agreed to submit to the test and at 3:19 a.m. he did. He did give me a breath sample. He also gave me another breath sample at 3:20 a.m. . . . The lower -- it was [0.166]. I used Intoxilyzer 8000, serial number [80-002191FFF]. The accuracy was done that morning by myself and the calibration was done on 5/15/2013.["] In addition, certificates of accuracy were submitted to the Court for the breathalyzer.[2]

Counsel for [Appellant] questioned the officer regarding the manual set time for tests:

Q. And do you recall at the previous trial that you acknowledged that you weren't sure from the Intoxilyzer 8000 and there was a required wait period in the manual between tests?

A. In the manual I'm not sure about. I'm familiar with Title 67 which is there is no required wait time between tests.

On redirect examination, the Assistant District [Attorney] followed up with the same issue:

---

[2] The certificates were admitted into evidence as Commonwealth's Ex. Nos. 3 and 4. Appellant made no objection to the introduction of the calibration and accuracy certificates into evidence, or to the officer's testimony about the results of the tests.

Q. And while the manual says that it has a wait period of up to two minutes or whatever it says in the manual,[3] on your dailies of the instrument you don't have to wait that long?

A. I don't.

Q. When you did the accuracy test, did you wait that long?

A. No.

Q. When you did the testing, did you wait that long?

A. No.

Q. Would the instrument inform you that there's any error in the reading?

A. It will.

Q. Did you ever get informed of any errors by the instrument on this night?

A. I did not.

Q. The time interval between test one and test two for this defendant, how long was it?

A. I believe it was one minute.

Q. And of the first test or the second test, which was the actual – what was the lower of the two values?

A. The second test was the lower.

---

[3] The instruction manual for the Intoxilyzer 8000 was not entered into evidence, but shown to Officer Eib on cross-examination. The officer testified that the manual states there is to be a two-minute wait period between tests.

Trial Ct. Op., 6/3/16, at 1-4 (citations to trial testimony omitted, some formatting altered).

At the conclusion of the trial, Appellant was found guilty one count of Driving Under the Influence – General Impairment ("DUI – General Impairment") and one count of Driving Under the Influence – Highest Rate of Alcohol ("DUI - Highest Rate").[4] He was sentenced on January 12, 2016, to seventy-two hours to six months of incarceration for each charge, to be served consecutively. Appellant filed no post-sentence motions, but filed this timely appeal, posing the following issue for our review:

> Whether the evidence presented was insufficient to sustain the conviction for driving under the influence (75 Pa.C.S. § 3802[(c)[5]] where the Commonwealth failed to prove that the

_____

[4] 75 Pa.C.S. §§ 3802(a)(1) and (c), respectively. Section 3802(c) states:

> An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(c).

[5] In his statement of issues presented in his appellate brief, Appellant raises this issue twice, each time citing to 75 Pa.C.S. § 3802(a)(1), the statute prohibiting DUI – General Impairment. In a footnote, he states, "Because both questions presented are the same, they will be addressed in a single argument by Appellant." Appellant's Brief at 1 at n.1. However, Appellant's argument does not address DUI – General Impairment under 75 Pa.C.S. § 3802(a)(1); it relates only to his conviction for DUI – Highest Rate under 75 Pa.C.S. § 3802(c). In fact, Appellant repeatedly concedes that the evidence was sufficient for a conviction of DUI – General Impairment. **See** Appellant's Brief at 8-11. We therefore address the argument made by Appellant related

*(Footnote Continued Next Page)*

breathalyzer samples were accurate based on a failure to wait two (2) minutes between administering each test and that the breathalyzer machine was in proper working order?

Appellant's Brief at 4 (capitalization omitted).

Our standard of review is as follows:

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. When reviewing a sufficiency claim[,] the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

As a reviewing court, we many not weigh the evidence or substitute our judgment for that of the fact-finder, who is free to believe all, part, or none of the evidence.

***Commonwealth v. Chambers***, 157 A.3d 508, 512 (Pa. Super. 2017)

(formatting altered; citations and ellipses omitted).

The trial court held that there was sufficient evidence to establish

Appellant's conviction for the following reasons:

[A]ppellant failed to establish that the breathalyzer was defective in any manner whatsoever and that the time interval between test One and test Two of samples was unacceptable in terms of time limitations. To the contrary, all systems were functioning properly, and there is no required wait time between tests administered by the operator. Notwithstanding what a particular manual states, the Statutes of the Commonwealth of Pennsylvania are controlling.

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

to the sufficiency of the evidence for his conviction of DUI – Highest Rate, rather than DUI – General Impairment. We note that Appellant's citation error does not appear to have affected the analysis presented by the trial court in its Rule 1925(a) opinion.

> Consequently, there is no substantial evidence to support [A]ppellant's contention that the evidence presented at trial was insufficient to sustain his conviction . . . . Moreover, [A]ppellant failed to present evidence from a qualified witness to establish that the failure to wait for two minutes affects the ability to supply adequate breath samples.

Trial Ct. Op. at 5-6.

Appellant argues that the evidence was insufficient "as the breath test results should not have been admitted or if admitted lacked sufficient reliability to be considered by the trial court as competent evidence." Appellant's Brief at 9. Appellant complains that the results of the breath test were not reliable —

> based on the fact that the two (2) tests were taken within a minute of each other. The manual for the testing machine delineates an amount of time of two (2) minutes or more between tests so that the machine can provide accurate readings. Officer Eib did not follow the specific instructions for proper use of the breath machine and therefore the results from the test should have been deemed unreliable and should not have been considered by the fact-finder.

Appellant's Brief at 11. The Commonwealth counters that, as Appellant's argument addresses the reliability of the results, Appellant's argument "is inapposite in the context of sufficiency review, in which this Court accepts the reliability and veracity of all evidence that supports the verdict." Commonwealth's Brief at 6-7 (citing *Commonwealth v. Bristow*, 538 A.2d 1343, 1345-46 (Pa. Super. 1988)). Furthermore, it asserts that Appellant waived the issue of the admissibility of the evidence by "his failure to object." *Id.* at 7 n.1.

We agree with the Commonwealth that Appellant's argument does not directly challenge the sufficiency of the evidence, but rather addresses the admissibility of the results of the breathalyzer test and the weight to be accorded to it. In addition to the Rules of Evidence, the admissibility of breathalyzer evidence in a DUI proceeding is governed by the Vehicle Code, 75 Pa.C.S. § 1547[6] and an implementing regulation, 67 Pa. Code § 77.24,[7]

_____

[6] The relevant portion of the statute states:

> **(c) Test results admissible in evidence.**—In any summary proceeding or criminal proceeding in which the defendant is charged with a violation of section 3802 or any other violation of this title arising out of the same action, the amount of alcohol or controlled substance in the defendant's blood, as shown by chemical testing of the person's breath or blood, which tests were conducted by qualified persons using approved equipment, shall be admissible in evidence.
>
> > (1) Chemical tests of breath shall be performed on devices approved by the Department of Health using procedures prescribed jointly by regulations of the Departments of Health and Transportation. Devices shall have been calibrated and tested for accuracy within a period of time and in a manner specified by regulations of the Departments of Health and Transportation. For purposes of breath testing, a qualified person means a person who has fulfilled the training requirement in the use of the equipment in a training program approved by the Departments of Health and Transportation. A certificate or log showing that a device was calibrated and tested for accuracy and that the device was accurate shall be presumptive evidence of those facts in every proceeding in which a violation of this title is charged.

75 Pa.C.S. § 1547(c)(1).

[7] The regulation states:

*(Footnote Continued Next Page)*

which together outline the procedures and standards for administering a breathalyzer test. *See Commonwealth v. Snell*, 811 A.2d 581, 585-87 (Pa. Super. 2002), *appeal denied*, 820 A.2d 162 (Pa. 2003); *see also Commonwealth v. McGinnis*, 515 A.2d 847, 850 (Pa. 1986) (holding results of breathalyzer test inadmissible when not in compliance with Section 1547); *Commonwealth v. Barlow*, 776 A.2d 273, 275 (Pa. Super. 2001) (tests not administered in compliance with Section 77.24 go to the trustworthiness of the evidence, and "failure to comply does not permit the results to be admitted as substantive evidence with lessened reliability[;] it precludes admission"). In order for breathalyzer evidence to be admissible,

_(Footnote Continued)_ ————————

> (b) *Procedures.* Alcohol breath tests shall be conducted by a certified breath test operator. Accuracy inspection tests and calibrations conducted using breath test equipment shall be performed by a certified breath test operator, the manufacturer or its authorized representative or a person who has received comparable training or instruction. Alcohol breath tests, accuracy inspection tests and calibrations conducted using breath test equipment shall be performed in accordance with accepted standard procedures for operation specified by the manufacturer of the equipment or comparable procedures. The procedures for alcohol breath testing shall include, at a minimum:
>
>> (1) Two consecutive actual breath tests, without a required waiting period between the two tests.
>>
>> (2) One simulator test using a simulator solution designed to give a reading of .10%, to be conducted immediately after the second actual alcohol breath test has been completed. The lower of the two actual breath test results will be the result used for prosecution. . . .

67 Pa. Code § 77.24(b).

the Commonwealth must show by a preponderance of the evidence that the regulations were followed. **Barlow**, 776 A.2d at 275 n.2.

We conclude, however, that Appellant has waived any claim related to the breathalyzer test evidence. Appellant did not move to exclude the breathalyzer evidence prior to trial. Nor did Appellant object to its consideration by the trial court once trial testimony suggested that the waiting period between the tests administered to Appellant may have affected the competency and admissibility of the breathalyzer evidence.[8] Because Appellant did not object, this issue is waived. **See** Pa.R.A.P. § 302 (claims not raised before the trial court may not be raised for the first time on appeal).

---

[8] In his closing statement, Appellant's counsel argued:

> Officer Eib testified that the manual requires two minutes between samples. And I'm well aware of the statute that required—that has no waiting period. By this officer's own testimony we can deem the results of the Intoxilyzer unreliable.
>
> . . . If the machine does not operate according to protocol, I respectfully submit that the results are invalid. So I request that the reading be disregarded, suppressed, dismissed on that regard.

N.T., 11/12/15, at 33-34. This was closing argument, not a hearing on a motion *in limine*, **see** Pa.R.Crim.P. 578, cmt., a motion to suppress illegally obtained evidence, **see** Pa.R.Crim.P. 581, or a motion for dismissal based on double jeopardy or a lack of notice, **see** Pa.R.Crim.P. 587. We therefore decline to construe Appellant's closing argument about the test's unreliability as a timely challenge to the admissibility of the breathalyzer evidence.

Considering the results of the test as admissible, then, as we must, the Commonwealth's evidence, including the results of the breathalyzer test, taken in the light most favorable to the Commonwealth as the verdict winner and in conjunction with all reasonable inferences, is sufficient to establish beyond a reasonable doubt the material elements for Appellant's conviction of DUI – Highest Rate. The results revealed that Appellant had a BAC of .166, above the .16 threshold for DUI – Highest Rate. 75 Pa.C.S. § 3802(c). We therefore affirm Appellant's judgment of sentence.

To the extent that Appellant's argument could be construed as a weight claim[9] — notwithstanding his explicit framing of his issue as a challenge to the sufficiency of evidence — it too is waived. A challenge to the weight of the evidence must be preserved for appellate review by first raising it with the trial court in a motion for a new trial. ***See*** Pa.R.Crim.P. 607(A). Failure to properly preserve a weight of the evidence claim will result in waiver, even if the trial court addresses the issue in an opinion. ***See Commonwealth v. Sherwood***, 982 A.2d 483, 494 (Pa. 2009), ***cert. denied***, 559 U.S. 1111 (2010). As Appellant failed both to frame his issue

---

[9] ***See Commonwealth v. Speights***, 509 A.2d 1263, 1267 (Pa. Super. 1986) (holding that breathalyzer test results, when admissible per statute, constitute sufficient evidence of DUI; but stating that "At trial, the results of a test, as indicative of blood alcohol content at a relevant point in time, may be attacked or contradicted by any competent evidence. The weight to be accorded test results then properly rests with the finder of fact" (citation omitted and brackets)), ***appeal denied***, 535 A.2d 83 (Pa. 1987).

as a weight claim and to raise it before the trial court, he has not established entitlement to relief. For these reasons, we affirm the judgment of sentence below.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/18/2017