J-S52043-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDDIE ORLANDO MURRAY | : | |
| | : | |
| Appellant | : | No. 575 EDA 2019 |

Appeal from the Judgment of Sentence Entered September 6, 2018
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002031-2017

BEFORE: OTT, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:         **FILED DECEMBER 30, 2019**

Eddie Orlando Murray appeals from the judgment of sentence entered on September 6, 2018, after the trial court found him guilty of driving under the influence of alcohol or controlled substance – high rate of alcohol ("DUI").[1] Murray contends that (1) his arrest was not supported by probable cause, (2) the trial court erred by admitting the results of his breath test, (3) the evidence was insufficient to support the trial court's guilty verdict, and (4) the verdict was contrary to the weight of the evidence. We affirm.

The trial court summarized the factual background of the instant case as follows:

_____

[1] 75 Pa.C.S.A. § 3802(b). Murray was found not guilty of DUI – general impairment, 75 Pa.C.S.A. § 3802(a).

The relevant facts are as follows. On April 30, 2017, [Murray] was pulled over by Corporal Christopher Winesburg[2] while operating his vehicle because a strap securing the contents of his pick-up truck was hitting the ground and striking the vehicle in and around the wheel well. Corporal Winesburg testified that, after the vehicle pulled over, he approached and spoke with [Murray]. At this point, Corporal Winesburg detected an odor of alcohol on [Murray's] breath. Corporal Winesburg further testified that, along with the smell, he observed [Murray's] eyes to be red and bloodshot, which prompted him to ask [Murray] whether he had consumed any alcohol that evening. In response, [Murray] admitted to having consumed alcohol previously that night.

Corporal Winesburg proceeded to conduct the Standard Field Sobriety Tests [SFSTs] on [Murray]. While [Murray] claims that he presented no indications of impairment while operating his vehicle and performed well on the [SFSTs], Corporal Winesburg['s] testimony indicates otherwise. After [Murray] performed the [SFSTs], Corporal Winesburg placed [Murray] under arrest.

On November 27, 2017, [Murray] filed an Omnibus Pre-Trial Motion in which he sought to suppress certain evidence allegedly obtained without probable cause. Specifically, [Murray] argued that the arresting officer did not have probable cause to believe [Murray] was driving under the influence of alcohol. [Murray] further asserted that the arresting officer should not have administered a portable breath test or subsequently arrested [Murray] without said probable cause.

Tr. Ct. Pa.R.A.P. 1925(a) Op. at 2-3. (citations omitted).

The trial court conducted a hearing regarding Murray's suppression motion on December 21, 2017. At the hearing, Corporal Winesburg testified

---

[2] Corporal Winesburg testified regarding his extensive DUI training and experience, including completing over 500 DUI arrests himself. N.T., 12/21/17 at 7.

regarding the SFSTs he observed Murray performing. The trial court was aided by viewing Corporal Winesburg's dashboard camera recording. Corporal Winesburg testified that Murray had difficulty with the horizontal gaze nystagmus ("HGN") test, but conceded that he had not administered the test exactly as required by his training. N.T., 12/21/17 at 11-12; 23-33. Before asking him to perform the walk-and-turn test, Corporal Winesburg asked Murray if he had any physical conditions that would impair his performance. *Id.* at 12-13. Murray responded that the stomach surgery he had undergone several years prior might negatively affect his performance. *Id.* Thereafter, Murray attempted the walk-and-turn test and Corporal Winesburg noted that five out of eight clues weighed in favor of the conclusion that Murray was intoxicated. *Id.* Murray also failed to perform the one-leg stand test but attributed his failure to his prior stomach surgery. *Id.*

Corporal Winesburg then attempted to administer a preliminary breath test ("PBT") to Murray. *Id.* at 13-16. Although at first unsuccessful, Murray eventually succeeded in blowing strongly enough to register a result that indicated the presence of alcohol. *Id.* At this point, Corporal Winesburg placed Murray under arrest. Following the suppression hearing, the trial court denied Murray's motion, concluding, based on the totality of the circumstances, that Corporal Winesburg had probable cause to arrest Murray for DUI.

A bench trial ensued on April 2, 2018. At trial, Corporal Winesburg explained that he had observed Murray from the inception of the vehicle stop around 1:50 a.m. until after administering a breath test to measure Murray's

blood alcohol content ("BAC") using the Datamaster DMT device ("BAC test") at 2:42 a.m. N.T. 4/21/18, at 27-28. Corporal Winesburg reported that, during this period, Murray did not burp, vomit, or consume any alcohol, other beverage, or food. *Id.* Corporal Winesburg admitted that he noted on his DL-26 form that observation of Murray began at 2:20 a.m. *Id.* at 17. However, he testified that this written note was incorrect because his observation actually began at the inception of the car stop at 1:50 a.m. *Id.* He attributed the written error to a malfunctioning records management system. *Id.* at 21-23. In fact, Corporal Winesburg recounted that he began transporting Murray at 2:16 a.m. and arrived at the barracks by 2:29 a.m. *Id.* at 20-21. Further, Corporal Winesburg reported that he was able to observe Murray while he was transporting him, because Murray was seated in the front seat of the police vehicle next to him. *Id.* at 27. After administering the BAC test at the police barracks, Corporal Winesburg recorded Murray's BAC level as .158 in the first sample collected at 2:45 a.m., and .164 in the second sample collected at 2:46 a.m. *Id.* at 12-13.

The trial court found Murray guilty of DUI-High rate of alcohol and sentenced him, on September 6, 2018, to, *inter alia*, six months' of intermediate punishment.[3] Murray filed this timely appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive Pa.R.A.P. 1925(a) opinion.

---

[3] At the time of trial, Murray was a commercial truck driver.

Murray presents the following issues for our review:

1. **Probable Cause.** The Commonwealth failed to present evidence of probable cause to arrest Mr. Murray where there was no bad driving, the trooper alleged an odor of alcohol and bloodshot eyes, and the trooper conceded he skipped steps on the HGN test. Probable cause requires the Commonwealth to show sufficient facts and circumstances to warrant a prudent person to believe that the driver had been operating a vehicle under the influence of alcohol?

2. **Admissibility of Evidence.** The trial court erred in allowing the breath test as Mr. Murray was not observed for the required 20 minutes under 67 Pa. Code § 77.24(a). The trooper testified observation began at 2:20 am and the breath test was completed at 2:42 am. As the trooper did not observe Mr. Murray for the required 20 minutes, the breath test results are inadmissible. Did the trial court err in allowing the results of the breath test?

3. **Sufficiency of the Evidence.** The Commonwealth erred in finding sufficient evidence for DUI-High Rate. To convict under 75 Pa.C.S.A. § 3802(b), the Commonwealth must prove an individual's blood or breath is at least 0.10% but less than 0.16% within two hours after the individual has driven, operated, or been in actual physical control of the movement of the vehicle. Was there sufficient evidence for one count of DUI-High Rate?

4. **Weight of the Evidence.** The trooper's testimony concerning the 20-minute observation period was inconsistent and unreliable. Was the conviction for DUI-High Rate against the weight of the evidence?

Murray's Br. at 9-10 (suggested answers omitted).

In his first issue, Murray argues that the trial court erred by denying his suppression motion because he contends that Corporal Winesburg did not have probable cause to arrest him for DUI. He emphasizes that he did not exhibit any erratic driving or slurred speech on the night in question. He

further asserts that the odor of alcohol Corporal Winesburg noticed could have been from his alcohol consumption hours earlier and the Pennsylvania Vehicle Code does not prohibit the consumption of any amount of alcohol before driving. In addition, Murray suggests that his "bloodshot eyes" may have been due to his long hours working as a truck driver.

Murray also points to errors in Corporal Winesburg's administration of the SFSTs. He argues that Corporal Winesburg admitted to these errors in his testimony and therefore should have refrained from relying on those test results that tended to indicate that Murray was intoxicated. Moreover, Murray avers that Corporal Winesburg did not adequately consider that his performance on the SFSTs was negatively impacted by his prior stomach surgery. Further, even though Murray concedes that the results of his preliminary breath test (PBT) performed at the scene confirmed the presence of alcohol, he argues that this merely indicated consumption of alcohol at some point on the night in question and not intoxication at the time he was driving.

Our standard of review of the denial of a motion to suppress is "limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." **Commonwealth v. Jones**, 121 A.3d 524, 526 (Pa.Super. 2015) (citation omitted). Moreover, "[i]t is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given to their testimony. The suppression court is free to believe all, some

- 6 -

or none of the evidence presented at the suppression hearing." *Commonwealth v. Elmobdy*, 823 A.2d 180, 183 (Pa.Super. 2003) (citation omitted).

"To be constitutionally valid, a warrantless arrest must, of course, be supported by probable cause." *Commonwealth v. Evans*, 685 A.2d 535, 537 (Pa. 1996) (opinion in support of affirmance) (citation omitted). In the case of a DUI, a police officer has probable cause to make an arrest "where the officer has knowledge of sufficient facts and circumstances to warrant a prudent person to believe that the driver has been driving under the influence of alcohol or a controlled substance." *Commonwealth v. Hilliar*, 943 A.2d 984, 994 (Pa.Super. 2008) (citation omitted). An officer must determine whether probable cause exists to justify a warrantless arrest using the "totality of the circumstances." *Commonwealth v. Williams*, 941 A.2d 14, 27 (Pa.Super. 2008) (*en banc*) (citation omitted). Thus, "a police officer may utilize his experience and personal observations to render an opinion as to whether a person is intoxicated." *Id.* (citation omitted).

"[P]robable cause does not involve certainties, but rather the 'factual and practical considerations of everyday life on which reasonable and prudent [persons] act.'" *Id.* (citation omitted). Of particular relevance to the case *sub judice*, we note that while SFSTs can be helpful for a police officer when determining whether probable cause exists for a DUI arrest, "reasonable grounds to arrest [for suspicion of DUI] does not require the failure of field sobriety tests." *Commonwealth v. Slonaker*, 795 A.2d 397, 402 (Pa. Super.

2002) (citation and footnote omitted). Moreover, "[p]robable cause exists when criminality is one reasonable inference; it need not be the only, or even the most likely, inference." ***Commonwealth v. Quiles***, 619 A.2d 291, 298 (Pa.Super. 1993) (*en banc*) (citations omitted).

Also assisting officers in the determination of whether an individual should be placed under arrest for DUI is the PBT:

> A police officer, having reasonable suspicion to believe a person is driving or in actual physical control of the movement of a motor vehicle while under the influence of alcohol, may require that person prior to arrest to submit to a [PBT] on a device approved by the Department of Health for this purpose. The sole purpose of this [PBT] is to assist the officer in determining whether or not the person should be placed under arrest.

75 Pa.C.S.A. § 1547(k).

In this case, the totality of the circumstances supports Corporal Winesburg's determination that probable cause supported Murray's arrest for DUI. Corporal Winesburg, who has considerable training and experience regarding DUI arrests, observed Murray's red and bloodshot eyes, the odor of alcohol emanating from Murray, and Murray's own admission of alcohol consumption that evening. The SFSTs Corporal Winesburg administered to Murray also indicated that he was likely intoxicated. Finally, Corporal Winesburg also relied upon the PBT results, which indicated that alcohol was present in Murray's body. Hence, we conclude that Corporal Winesburg was aware of sufficient facts and circumstances to warrant a prudent person to

- 8 -

believe that Murray had been driving under the influence of alcohol. ***See Hilliar***, 943 A.2d at 994.

Murray's argument regarding admitted deficiencies in the administration of the SFSTs is of no moment. The fact that Corporal Winesburg conceded that he did not properly administer the HGN test does not diminish the significance of Murray's poor performance on other SFSTs. Moreover, even if deficiencies in how the SFSTs were administered invalidated any portion of the relevant results, probable cause to arrest for DUI does not require evidence that Murray failed SFSTs. ***See Slonaker***, 795 A.2d at 402. Further, Murray's contention that Corporal Winesburg should not have considered his red and blood shot eyes and the odor of alcohol emanating from him as indicative of intoxication is also unavailing. It is well settled that probable cause can be established even when criminality is a reasonable inference from the relevant evidence but not the only possible inference that a reasonable person could make. ***See Quiles***, 619 A.2d at 298.

In the instant case, we hold that the trial court had ample evidence upon which to find that Corporal Winesburg had probable cause to arrest Murray for DUI. ***See Hilliar***, 943 A.2d at 994; ***Elmobdy***, 823 A.2d at 183. Accordingly, we conclude that the trial court did not err by declining to grant Murray's motion to suppress. ***See Jones***, 121 A.3d at 526. Thus, Murray's first issue warrants no relief.

Turning to his second issue, Murray contends that the trial court erred by admitting the results of his BAC test. Specifically, Murray asserts that

Corporal Winesburg did not observe him for the requisite 20 minutes before administering the test, as required pursuant to 67 Pa.Code § 77.24(a). In support of this argument, Murray points to Corporal Winesburg's written report, which states that the Corporal's observation of Murray began at 2:20 a.m. Murray points out that Corporal Winesburg admitted that he transported Murray to police barracks between 2:16 a.m. and 2:29 a.m. Therefore, Murray argues, Corporal Winesburg could not have been observing him from 2:16 a.m. to 2:29 a.m., to ensure he did not burp, or vomit, or ingest anything. Thus, according to Murray, because the BAC test was administered at 2:42 a.m., "simple math" reveals that Corporal Winesburg could not have properly engaged in the 20-minute observation period required.

As a precursory matter, we note that failure to comply with the 20-minute observation rule precludes the admission of BAC test results. ***Commonwealth v. Barlow***, 776 A.2d 273, 275 (Pa.Super. 2001) ("The [Vehicle] Code's requirements go to the trustworthiness of the evidence. If that issue is raised, failure to comply does not permit the results to be admitted as substantive evidence with lessened reliability[:] it precludes admission"). In the instant case, although Murray raised the issue at trial, he did not specifically include the issue of the admission of his BAC test results in his omnibus pre-trial suppression motion. Thus, the Commonwealth contends that Murray waived this issue pursuant to Pa.R.Crim.P. 581 (A)-(B) (formerly Rule 323; renumbered as Rule 581 effective 2001). We agree. Rule 581 provides that a defendant may make a motion seeking "to suppress any

evidence alleged to have been obtained in violation of the defendant's rights" but "[u]nless the opportunity did not previously exist, or the interests of justice otherwise require, such motion shall . . . be contained in the omnibus pretrial motions set forth in Rule 578. If timely motion is not made hereunder, the issue of suppression of such evidence shall be deemed waived." Pa.R.Crim.P. 581.

In any event, the trial court nevertheless addressed Murray's contention regarding the 20-minute observation period set forth in the Vehicle Code both at trial and in the court's Rule 1925(a) opinion. The court specifically found Corporal Winesburg's testimony credible regarding the contention that he had sufficiently observed Murray for the requisite period prior to administering the BAC test. The certified record supports this finding.

"A trial court has broad discretion to determine whether evidence is admissible and a trial court's ruling on an evidentiary issue will be reversed only if the court abused its discretion." *Commonwealth v. Huggins*, 68 A.3d 962, 966 (Pa.Super. 2013) (citing *Commonwealth v. Cook*, 676 A.2d 639, 647 (Pa. 1996)). We do not disturb a ruling admitting evidence "unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous." *Id.* (quoting *Commonwealth v. Minich*, 4 A.3d 1063, 1068 (Pa.Super. 2010)). As our scope of review over an evidentiary question is plenary, we may review the ruling within the context of the entire record. *Id.*

Pursuant to Section 77.24(a) of Title 67 of the Pennsylvania Code, a police officer or a certified breath test operator must observe a DUI suspect for a period of at least 20 consecutive minutes immediately prior to the administration of the breath test. The provision states:

> **(a) Observation.** The person to be tested with breath test equipment shall be kept under observation by a police officer or certified breath test operator for at least 20 consecutive minutes immediately prior to administration of the first alcohol breath test given to the person, during which time the person may not have ingested alcoholic beverages or other fluids, regurgitated, vomited, eaten or smoked. Custody of the person may be transferred to another officer or certified breath test operator during the 20 consecutive minutes or longer period as long as the person to be tested is under observation for at least 20 consecutive minutes prior to initial administration of the alcohol breath test.

67 Pa.Code § 77.24(a).

Further, this Court has held "the Commonwealth must prove, by a preponderance of the evidence, that an individual subjected to a breathalyzer test did not ingest anything for the 20 minutes prior to administration of the test, but that 'observation,' as used in 67 Pa. Code § 77.24(a), did not mean 'eyes on his mouth 100% of the time.'" **Commonwealth v. Snell**, 811 A.2d 581, 586 (Pa. Super. 2002) (citing **Barlow**, 776 A.2d at 275).

Here, we conclude that the trial court did not abuse its discretion by admitting Murray's BAC result. Murray emphasizes, and the trial court acknowledges, that Corporal Winesburg made a written notation that his "observation" of Murray commenced at 2:20 a.m. However, at trial, Corporal

- 12 -

Winesburg explained that this notation was incorrect because his observation actually commenced from the time he stopped Murray's car at approximately 1:50 a.m. until he administered the BAC test at 2:42 a.m. Also, Corporal Winesburg asserted that he was able to ensure that Murray did not burp, vomit, or ingest while he drove him to the police barracks because Murray sat right next to him in the car. Indeed, it was not necessary for Corporal Winesburg to keep his eyes on Murray's mouth the entire trip to satisfy his 20-minute observation requirement. **See Snell**, 811 A.2d at 586. Hence, the trial court had ample evidence upon which to find that Corporal Winesburg had observed Murray for the requisite 20 minutes required under 67 Pa. Code § 77.24(a), prior to administering Murray's BAC test. Thus, we conclude that the trial court did not abuse its discretion in admitting Murray's BAC result. **See Minich**, 4 A.3d at 1068. Murray's second issue also lacks merit.

Turning to his next issue, Murray argues that insufficient evidence supported his conviction for DUI-High rate of alcohol. Specifically, Murray does not assert that he was not driving his car at the time in question, but instead solely argues that no evidence properly established that he was intoxicated at the time in question. He maintains that because his BAC result was improperly admitted, the Commonwealth failed to prove that he was intoxicated as required for conviction pursuant to 75 Pa.C.S.A. § 3802(b). We find Murray's argument devoid of merit.

When reviewing a challenge to the sufficiency of the evidence, our standard of review is *de novo*, while "our scope of review is limited to

considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner." **Commonwealth v. Rushing**, 99 A.3d 416, 420-21 (Pa. 2014). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." **Commonwealth v. Widmer**, 744 A.2d 745, 751 (Pa. 2000).

In the instant case, the pertinent statute provides that "[a]n individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.10% but less than 0.16% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle." 75 Pa.C.S. § 3802(b). Therefore, "to sustain a conviction under Subsection 3802(b), the Commonwealth must prove: (1) Appellant was driving, operating, or in actual physical control of the movement of a vehicle, and (2) Appellant's BAC was is [sic] at least 0.10% but less than 0.16% within two hours of driving, operating, or being in control of the vehicle. **See** 75 Pa.C.S.A. § 3802(b)." **Commonwealth v. Haight**, 50 A.3d 137, 141 (Pa.Super. 2012).

Here, as discussed above, we conclude that the trial court properly admitted evidence of Murray's BAC result, which was .158 in his first sample and .164 in his second sample. Thus, the evidence sufficiently established that Murray's BAC was within .10 and .16, as required for conviction under 75

Pa.C.S.A. § 3802(b). *See id.* Therefore, we hold that Murray's challenge to the sufficiency of the evidence supporting his conviction for DUI-High rate of alcohol, must fail. *See Rushing*, 99 A.3d at 420-21; *Widmer*, 744 A.2d at 751.

In his last issue, Murray asserts that his conviction was against the weight of the evidence. Murray points to what he deems to be inconsistencies in Corporal Winesburg's testimony regarding his observation of Murray prior to his BAC test. Murray's weight of the evidence claim also merits no relief.

Our standard of review for challenges to the weight of the evidence is well settled:

> As an appellate court, we cannot substitute our judgment for that of the finder of fact. Therefore, we will reverse a jury's verdict and grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice. A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when the figure of Justice totters on her pedestal, or when the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience.

*Commonwealth v. Cruz*, 919 A.2d 279, 282 (Pa.Super. 2007) (quotation marks and internal citations omitted). Further, when the trial court, as here, has ruled on the weight of the evidence claim, "an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim." *Id.* (quoting *Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003)).

In the instant case, as discussed above, the trial court found the testimony of Corporal Winesburg to be credible regarding his observation of Murray prior to administering the BAC test. The court specifically found any conflict between Corporal Winesburg's testimony and his written notation to be minor and unavailing. Accordingly, we hold that the trial court did not abuse its discretion by finding that Murray's conviction was not contrary to the weight of the evidence. **See Champney**, 832 A.2d at 408. Thus, Murray's fourth issue must also fail and we affirm Murray's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/19