J-S32007-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MELISSA ANN PARNHAM | : | |
| | : | |
| Appellant | : | No. 1689 MDA 2022 |

Appeal from the Judgment of Sentence Entered November 3, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000008-2022

BEFORE: DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                **FILED: SEPTEMBER 22, 2023**

Appellant, Melissa Parnham, appeals from the November 3, 2023 Judgment of Sentence entered in the Court of Common Pleas of York County following her conviction for three Driving Under the Influence (DUI) offenses and one count of Violating Traffic Control Signals.[1]  Appellant purports to challenge the sufficiency of the evidence underlying her DUI conviction under 75 Pa.C.S. § 3802(d)(2).  After careful review, we affirm.

**A.**

The charges arise from a single incident that took place on September 28, 2021, in York, Pennsylvania.  At 1:30 AM, Trooper Dylan Adams of the Pennsylvania State Police observed Appellant's van leave a motel parking lot in an area known for drug activity.  Trooper Adams followed Appellant for two

_____

[1] 75 Pa.C.S. §§ 3802(d)(2), § 3802(d)(1)(i), § 3802(d)(1)(iii), and 3112(a)(3)(i), respectively.

to three miles, during which time Appellant drove five miles per hour under the speed limit and failed to stop at a red light. Trooper Adams then effectuated a traffic stop. During the stop, Appellant admitted that there was marijuana in the van and consented to a search. Trooper Adams recovered a box with marijuana inside and several devices for smoking.

Trooper Adams then conducted field sobriety tests, specifically the "walk and turn" test and the "one-leg-stand" test. Appellant failed both tests. Immediately before Trooper Adams administered the field sobriety tests, Appellant told him for the first time that she had a leg cramp. Prior to that time, Trooper Adams had observed her "standing perfectly fine for a half hour before that." N.T. Trial at 19.

Based on his observations of Appellant's driving—including her failure to stop at the red light—and her inability to pass the field sobriety tests, Trooper Adams arrested Appellant and transported her to York Hospital for a blood draw. The results of Appellant's blood draw indicated the presence of active and inactive THC metabolites. The Commonwealth subsequently charged Appellant with the above offenses.

On November 3, 2023, Appellant proceeded to a bench trial represented by counsel. Trooper Adams, the Commonwealth's sole witness, testified to the above facts. The parties also stipulated to the results of Appellant's blood draw. Appellant lodged no objections to Trooper Adams' testimony and presented no evidence in her own defense.

The trial court convicted Appellant of all charges. The same day, the court sentenced Appellant to a term of six months' probation and three days' house arrest for her DUI conviction under 75 Pa.C.S. § 3802(d)(2). The remaining DUI convictions merged for sentencing. Appellant did not file a post-sentence motion.

**B.**

Appellant timely filed a Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents one issue for our review:

Whether the evidence was insufficient to sustain [Appellant's] Driving under the Influence of a Controlled Substance conviction where there was no evidence [Appellant] was specifically impaired by a controlled substance as required for her conviction?

Appellant's Brief, 5/31/23, at 4.

**C.**

Appellant asserts that the Commonwealth's evidence was insufficient to convict her of DUI under Section 3802(d)(2). Appellant's Br. at 9. Specifically, she maintains that field sobriety tests are unreliable evidence of impairment and that her driving was not unsafe enough to indicate impairment. *Id.* at 9, 12.

"A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). Our standard of review is *de novo*, and our scope of review is limited to the evidence admitted at trial viewed in the light most favorable to the Commonwealth as

verdict winner. ***Commonwealth v. Rushing***, 99 A.3d 416, 420-21 (Pa. 2014). In reviewing a sufficiency challenge, we determine "whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all elements of the offense beyond a reasonable doubt." ***Commonwealth v. May***, 887 A.2d 750, 753 (Pa. 2005) (citation omitted).

The factfinder, "while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." ***Commonwealth v. Miller***, 172 A.3d 632, 640 (Pa. Super. 2017). "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact[]finder." ***Id***.

Challenges to reliability of evidence go to the weight of the evidence, not sufficiency. ***See, e.g., Commonwealth v. Barkman***, 295 A.3d 721, 733 (Pa. Super. 2023) (stating that credibility and reliability go to weight of evidence; a sufficiency claim must accept both); ***Commonwealth v. Bristow***, 538 A.2d 1343, 1345–46 (Pa. Super. 1988) (finding that an argument that testimony was unreliable is irrelevant to sufficiency claim).

To sustain a conviction under Section 3802(d)(2) of the DUI statute, the Commonwealth's evidence must be sufficient to establish that: 1) the defendant drove 2) while under the influence of a controlled substance 3) to a degree that impaired her ability to drive safely. ***Commonwealth v. Spence***, 290 A.3d 301, 309 (Pa. Super. 2023); 75 Pa.C.S. § 3802(d)(2).

"Evidence of consumption . . . standing alone, is insufficient to prove impairment[;]" rather, "impairment evidence should be drawn from the totality of the factual circumstances." *Id.* (citations omitted).

Appellant's sufficiency challenge concerns only the impairment element of Section 3802(d)(2). Appellant's Br. at 12. The crux of her argument is that field sobriety tests are insufficient to prove marijuana impairment. *Id.* at 12, 13-15. In support, she relies on law review articles and case law from Massachusetts[2] that discuss the lack of consensus in the scientific community as to whether field sobriety tests reliably determine marijuana intoxication. She maintains that, due to concerns about their reliability, field sobriety tests are insufficient to establish impairment.

Appellant's challenge to the reliability of the field sobriety tests challenges the weight given the evidence by the factfinder, not the sufficiency of the evidence supporting her conviction. *Barkman*, 295 A.3d at 733. As noted above, Appellant did not file a post-sentence motion. Accordingly,

---

[2] *Commonwealth v. Gerhardt*, 81 N.E. 3d 751. (Mass. 2017).

Appellant has not preserved a weight of the evidence challenge for our review.[3],[4]

Judgment of sentence affirmed.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>9/22/2023</u>

---

[3] A weight of evidence claim must be raised with the trial judge in a motion for a new trial either orally prior to sentencing, by written motion prior to sentencing, or in a post-sentence motion, in order to preserve it for appellate review. ***See*** Pa.R.Crim.P. 607; ***Commonwealth v. Butler***, 729 A.2d 1134, 1140 (Pa. Super. 1999) (holding that a challenge to the weight of the evidence is waived for failure to present the issue first to the trial court).

[4] To the extent that Appellant challenges the sufficiency of the evidence in support of her conviction, the trial court credited the Commonwealth's evidence that Appellant failed to stop at a red light and failed field sobriety tests. This evidence established that Appellant failed to stop at a red light and failed the field sobriety tests. Subsequent blood test results revealing that Appellant had consumed marijuana further supported this evidence of her impairment. N.T. Trial at 24; Trial Ct. Op. at 6-7. We conclude that this evidence, viewed in the light most favorable to the Commonwealth as the verdict winner, was sufficient to establish that Appellant was impaired such that she could not drive safely. Trial Ct. Op. at 7.